**FIRST STATE BANK OF CANADIAN, TEXAS, Appellant,**

v.

**John J. McMORDIE, Appellee.**

**No. 07–92–0077–CV.**

Court of Appeals of Texas, Amarillo.

Aug. 31, 1993.

Culton, Morgan, Britain & White, Wyatt L. Brooks and Charles R. Watson, Jr., Amarillo, for appellant.

Nickum and Naylor, Richard C. Naylor and Ronald D. Nickum, Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

DODSON, Justice.

Appellant, First State Bank of Canadian, Texas, appeals from a judgment awarding damages of $75,000.00 to appellee, John J. McMordie, under the Texas Deceptive Trade Practices–Consumer Protection Act (the Act). Since we conclude that appellee is not a consumer as required by the Act, we reverse and render judgment for appellant.

In the spring and summer of 1987, John J. McMordie (McMordie), a rancher in Canadian, Texas, was in the process of refinancing a debt he owed to the First National Bank of Amarillo and obtaining a one million dollar line of credit. He hoped to use the line of credit to arrange for his annual purchase of cattle, which he used to stock his ranch.

Initially, McMordie made inquiry at the First National Bank of Perryton (FNBP). At FNBP, John Cluck, FNBP's president, suggested that appellant, First State Bank of Canadian (the Bank), participate in the loan. Therefore, McMordie approached the Bank where he spoke with Jay Godwin, the Bank's president. From his discussions with McMordie, it was Godwin's understanding that McMordie was seeking refinancing for a cattle line at FNBP and an extension of a one million dollar line of credit. Godwin discussed the loan participation with McMordie prior to the Bank's July 14th Board of Directors meeting. At the July 14th meeting, the Board of Directors denied McMordie's loan. Godwin stated that he communicated this to McMordie on July 21st.

McMordie testified that on July 20th or 21st FNBP denied his loan. Whereupon McMordie went to the Bank and spoke with Godwin, where the following conversation took place:

A. Well, Mr. Godwin had a customer in there, and I wasn't going to take any of his time hardly, and I was in a hurry, and I just asked that girl if she would go in and ask him if I could see him for just a minute. And he came out. Right out there in the lobby, I said, is the bank—is our loan still going. I said, is—do you still want that loan.

And he says, yeah, I want it.

In his testimony, Godwin stated that he did not recall this conversation. McMordie testified that on August 3rd or 4th he went to the Bank to get his loan where Godwin told him the Bank denied his loan.

■ We will first address the Bank's fourth point of error, which is dispositive to this appeal. By its fourth point of error, the Bank contends the trial court erred in entering judgment for McMordie because the evidence is legally and factually insufficient to support a finding that McMordie was a consumer under the Act, and instead McMordie's lack of consumer standing is established as a matter of law. We agree McMordie lacks consumer standing.

■ Section 17.45(4) defines "consumer" as "an individual who seeks or acquires by purchase or lease, any goods or services." Whether a party is a consumer under the act is a question of law for the court. *Ridco Inc. v. Sexton*, 623 S.W.2d 792, 795 (Tex.App.—Fort Worth 1981, no writ); *see also Security Bank v. Dalton*, 803 S.W.2d 443, 451 (Tex. App.—Fort Worth 1991, writ denied).

■ In *Riverside National Bank v. Lewis*, 603 S.W.2d 169, 173–75 (Tex.1980) the Court determined that a loan applicant who sought nothing more than the use of money from the lending institution was not a consumer under the Act. At least two requirements must be established for a person to qualify as a consumer under the Act. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex.1981). First, the person must have sought or acquired goods or services by purchase or lease. *Id.* Second, the goods or services purchased or leased must form the basis of the complaint. *Id.* "If either requirement is lacking, the person aggrieved by a deceptive act or practice must look to the common law

or some other statutory provision for redress." *Id.*

McMordie recognizes that the Bank's refusal to extend him credit by itself is insufficient to give him consumer standing. However, relying on *Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382 (Tex. 1982); *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705 (Tex.1983); and *La Sara Grain v. First Nat. Bank of Mercedes*, 673 S.W.2d 558 (Tex.1984), McMordie claims a lender may be subject to a DTPA claim if the borrower's *objective* is the purchase or lease of a good or service thereby qualifying the borrower as a consumer.

In *Knight*, the basis of the complaint was a truck purchased with the loan proceeds. In *Flenniken*, the basis of the complaint was a house purchased with the loan proceeds. In *La Sara Grain*, the Court determined that because the loan involves only the extension of credit, La Sara has not shown itself to be a consumer and therefore has no DTPA claim for that reason. However, the Court further determined that: "The services provided by a bank in connection with a checking account are within the scope of the D.T.P.A." Thus, in *Knight* and *Flenniken* the goods acquired with the loan proceeds formed the basis of the complaint. *La Sara Grain* was decided on other grounds.

As stated above, it is well established that to qualify as a consumer, the goods or services sought or acquired must form the basis of the complaint. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535 (Tex.1981); *Woods v. Littleton*, 554 S.W.2d 662 (Tex. 1977); *see also Allied Towing Service v. Mitchell*, 833 S.W.2d 577, 581 (Tex.App.— Dallas 1992, no writ); *Security Bank v. Dalton*, 803 S.W.2d 443, 452 (Tex.App.—Fort Worth 1991, writ denied); *Herndon v. First Nat. Bank of Tulia*, 802 S.W.2d 396, 399 (Tex.App.—Amarillo 1991, writ denied); *Nelson v. Data Terminal Systems, Inc.*, 762 S.W.2d 744, 747 (Tex.App.—San Antonio 1988, writ denied); *Berquist v. Onisiforou*, 731 S.W.2d 577, 579 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Fielder v. Abel*, 680 S.W.2d 655, 657 (Tex.App.—Austin 1984, no writ).

In the case at bar, McMordie claims he went to the Bank for the following reasons: (1) to refinance his debt with the First National Bank of Amarillo; and (2) to obtain a one million dollar line of credit to purchase cattle. However, unlike *Knight* and *Flenniken* where the borrower used the loan to purchase the "good or service," which formed the basis of the complaint, this record is void of any objective manifestations that McMordie sought or acquired, by purchase or lease, cattle which form the basis of his complaint. His complaints relate to the Bank's breach of a promise to make him a loan.

McMordie also contends that he sold $400,000 of stock based upon the Bank's alleged promise to make the loan upon such sale. Nevertheless, by selling his stock, McMordie did not seek or acquire, by purchase or lease, any goods or services. Consequently, McMordie did not achieve consumer status by the sale of his bank stock. Therefore, point of error four is sustained.

Accordingly, we reverse the trial court's judgment and render the judgment that McMordie take nothing in his action against the First State Bank of Canadian, Texas.