UNIVERSAL SURETY OF
AMERICA, Appellant,

v.

CENTRAL ELECTRIC ENTERPRISES
AND COMPANY, Appellee.

No. 04–96–00813–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 15, 1997.

Rehearing Overruled Nov. 24, 1997.

Nancy Hesse Hamren, Coats, Rose, Yale, Holm, Ryman & Lee, P.C., Houston, for Appellant.

Leonard J. Gittinger, Jr., L. John Gittinger, III, Mark J. Kass, Gittinger & Gittinger, San Antonio, for Appellee.

Before LÓPEZ and GREEN JJ., and BLAIR REEVES, Chief Justice (Retired).

## OPINION

BLAIR REEVES, Chief Justice (Retired).

The pivotal question in this appeal is whether a subcontractor has a cause of action as a consumer against a surety of the general contractor in a DTPA action.

HJG, a general contractor, was awarded a contract on a project of the San Antonio Housing Authority, a public entity. As required by law, HJG obtained a payment and performance bond, which it purchased from Universal Surety of America (USA). In conjunction with USA's issuance of the bonds, HJG executed a general indemnity agreement in which HJG agreed to indemnify

USA for any and all sums which USA might pay under the bonds.

■ Central Electric Enterprises & Co. (Central Electric) contracted to perform work for HJG under the contract. A dispute arose and Central Electric filed suit against HJG[1] and USA. Central Electric alleged, among other allegations, it was a consumer under the Texas Deceptive Trade Practice & Consumer Protection Act (DTPA) and recovered under that theory of law.

USA urges four points of error but we are of the opinion that its first point is dispositive of the appeal.[2] USA asserts, as a matter of law, that Central Electric does not qualify as a "consumer" and has no standing to bring a DTPA action against USA.

■ The DTPA grants to consumers a cause of action for false, misleading, or deceptive acts or practices. *See* TEX. BUS. & COM.CODE ANN. § 17.50(a)(1) (Vernon Supp. 1997); *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 273–74 (Tex.1995); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex.1980). At least two requirements must be met for one to qualify as a consumer under the DTPA. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex.1981). First, one must have sought or acquired goods or services by lease or purchase. TEX. BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1987); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex.1996). Second, the goods or services purchased or leased must form the basis of the complaint, and not be merely incidental. Moreover, the violation must be a producing cause of the claimant's injury. *See Amstadt*, 919 S.W.2d at 649. Whether a party is a consumer under DTPA is a question of law for the court. *First*

---

1. HJG is not involved in this appeal.

2. Central Electric objects to point of error 1 because it is multifarious. The point of error states: The trial court erred in overruling USA's "Motion for Directed Verdict," USA's "Motion to Disregard DPTA Jury Findings, For Judgment N.O.V., and for Remittitur, and Motion to Modify and Reform the Judgment" and entering a judgment for Central Electric with respect to Central Electric's DTPA cause(s) of action against USA because, as a matter of law, Central Electric did not qualify as "consumer" and thus had no standing to bring a DTPA action against USA.

A point of error is only multifarious if it raises more than one specific ground of error or if it attacks several distinct rulings of the trial court. *Pooser v. Lovett Square Townhomes Owners' Ass'n*, 702 S.W.2d 226, 228 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). It is obvious that USA is making this appellate court aware that in three separate motions it contended that Central Electric had no DTPA cause of action because it did not qualify as a consumer under the act.

*State Bank v. McMordie,* 861 S.W.2d 284, 285 (Tex.App.—Amarillo 1993, no writ).

In *Faircloth,* the Supreme Court of Texas held that one who seeks only payment of proceeds under an insurance policy does not seek goods or services as that term is used in a DTPA cause of action. *See Faircloth,* 898 S.W.2d at 274. This court has likewise held that a third-party claimant seeking proceeds under an insurance policy is not a "consumer " under the DTPA. *See Webb v. International Trucking Co.,* 909 S.W.2d 220, 224 (Tex. App.—San Antonio 1995, no writ). In *Rumley v. Allstate Indem. Co.,* 924 S.W.2d 448, 450 (Tex.App.—Beaumont 1996, no writ), the court stated that as a third-party claimant, Mrs. Rumley had no standing to assert extra-contractual and statutory claims against the insurance company for denial and delay in the payment of her claim.

Acknowledging that a surety bond is not in all respects the same as an insurance policy, the objective sought by a third party who seeks insurance proceeds is the same as the objective of a subcontractor who seeks proceeds under a payment bond. Like a third party in the insurance context, Central Electric was not a party to the bond, did not pay the premiums for the bond, and sought only the proceeds of the bond paid for by HJG and issued by Universal Surety. A liability insurance policy and a payment bond are both statutory creatures, required by law for the benefit of third persons. No appreciable distinction exists between seeking under a liability insurance policy and seeking payment of proceeds under a payment bond.

■ Central Electric never sought goods or services from USA, only the proceeds. Moreover, Central Electric did not seek or acquire by purchase or lease, goods or services from HJG. We conclude that a surety bond cannot give rise to a consumer status under the DTPA.

The judgment of the trial court is reversed and judgment is rendered that Central Electric take nothing under the DTPA. Court costs are assessed against Central Electric.