United States Court of Appeals,

Fifth Circuit.

No. 93-2742

Summary Calendar.

Alan GRANADER, Plaintiff-Appellant,

v.

Jim D. McBEE, Defendant-Appellee.

June 22, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before REYNALDO G. GARZA, SMITH and WIENER, Circuit Judges.

PER CURIAM:

Alan Granader ("Granader") appeals the district court's grant of summary judgment against him, and the district court's award of Rule 11 sanctions. Finding no error, we AFFIRM the district court on both points of appeal.

## I. FACTS

In December of 1988, Alan Granader borrowed $50,000 from First National Bank of Texas ("Bank") to purchase 5,000 shares of Bank common stock for his children. When the Bank did not deliver his stock, Granader made inquiries about the status of the stock. Upon being provided a copy of the stock certificates in 1989, Granader discovered that the stock had been incorrectly issued in his name, rather than his children's names. He also discovered that the stock was not a new issue, but a transfer of Jim D. McBee's, the Bank's president, stock. In spite of this information, Granader did not file suit or seek a correction.

1

On July 23, 1992, the Bank was declared insolvent at which time the FDIC was appointed Receiver of the Bank. Granader filed a suit in Harris County state court against Jim D. McBee ("McBee") and the FDIC. The FDIC removed the suit to federal court. McBee moved for summary judgment and the district court granted summary judgment in favor of McBee and the FDIC.[1] McBee later filed a motion for Rule 11 sanctions against Granader. The district court granted the motion and ordered Granader to pay $8,890 in sanctions. Granader timely appealed to this court.

## II. DISCUSSION

Granader claims the district court erred in granting summary judgment in favor of McBee, and in granting McBee's motion for Rule 11 sanctions.

A. *Did the district court err in granting summary judgment?*

Granader asserts that the district court erred in granting summary judgment in favor of McBee, because McBee failed to meet his summary judgment burden. Granader argues that the district court granted summary judgment on all of his claims even though McBee's motion failed to mention his claim under Section 33 of the Texas Securities Act and his shareholder derivative claim. Granader argues that silence and omission cannot inform the district court of anything, nor identify parts of the record to support summary judgment. *See N.L. Industries v. GHR Energy Corp.,*

---

[1] A prior panel of this court granted the FDIC's motion to remand on the basis that it had not asked for summary judgment, and Granader was not given proper notice that the district court was going to grant summary judgment in favor of the FDIC.

2

940 F.2d 957, 965 (5th Cir.1991), *cert. denied,* --- U.S. ----, 112 S.Ct. 873, 116 L.Ed.2d 778 (1992) (This court rejected as "disingenuous" defendant's efforts to support summary judgment on all claims where it only sought summary judgment as to some claims.).

Granader argues that in granting summary judgment on the non-contract claims, the district court relied on the inaccurate view that he brought his cause of action only after the Bank failed and he lost his investment. Granader claims that he sued McBee in 1991 and sued the Bank on July 22, 1992, before the Bank failed on July 23, 1992.

Granader also argues that even if we believe that McBee met his summary judgment burden, clearly he met his burden of showing that genuine issues of material fact exist. Granader claims that McBee's motion is predicated on the following two arguments: (1) McBee made no representations to Granader, hence, Granader could not have relied on same; and (2) there was no agreement between McBee and Granader. Granader, however, claims that he presented evidence that McBee made oral representations about the Bank's stock in at least one Bank board meeting and that these representations were directly relayed to Granader by his brother, Dan Granader.[2] Granader also claims that he presented evidence that McBee made written representations about the Bank's stock in materials that the Bank directly relayed to Granader. Granader

---

[2]Dan Granader was a First National Bank of Texas board member.

3

concludes that because of the conflicting evidence, fact questions exist for jury resolution.

Granader further argues that a substantial portion of his suit effectively involves fraud and misrepresentation of one specie or another. Granader claims that under Texas law, "whether a fraud has been committed is a fact question to be determined by the trier of facts." *Berquist v. Onisiforou,* 731 S.W.2d 577, 580 (Tex.App.—Houston [14th Dist.] 1987, no writ). Finally, Granader argues that there are fact questions present in his shareholder derivative claim. He claims that although the funds from his purchase of "new issue" stock were to go to the Bank to provide additional working capital, the funds instead were diverted to McBee in exchange for "old stock."

We review the district court's grant of summary judgment by reviewing the record under the same standards which guided the district court. *Alexandria Associates, LTD., v. Mitchell Co.,* 2 F.3d 598, 600 (5th Cir.1993). A grant of summary judgment is proper when no genuine issue of material fact exists that would necessitate a trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986). In determining whether the grant was proper all fact questions are viewed in the light most favorable to the nonmovant. Questions of law, however, are decided de novo. *Walker v. Sears, Roebuck & Co.,* 853 F.2d 355, 358 (5th Cir.1988). The moving party has the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v.*

4

*Adams*, 836 F.2d 958, 960 (5th Cir.), *reh. denied, en banc*, 844 F.2d 788 (5th Cir.1988). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *Celotex*, 477 U.S. at 324-25, 106 S.Ct. at 2553-54. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of pleading, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514-15, 91 L.Ed.2d 202 (1986).

The district court properly granted summary judgment in McBee's favor. McBee disproved, as a matter of law, at least one essential element of each of Granader's causes of action. By Granader's own admission, there was no agreement between him and McBee. Furthermore, they never discussed the purchase of the Bank's stock. Hence, Granader cannot prove his cause of action for breach of contract, because the uncontroverted evidence is that there was no agreement whatsoever between Granader and McBee.

Granader also cannot prove his cause of action for common law or securities fraud. Reliance is an element of both common law and statutory fraud in a securities transaction. *Haralson v. E.F. Hutton Group, Inc.*, 919 F.2d 1014, 1025 n. 4 (5th Cir.1990) (Texas imposes civil liability for false representations of material facts or material promises that are relied on by [a plaintiff] in entering into [a real estate or stock] contract.). By his own admission, Granader cannot prove that he relied upon any representation, communication or statement by McBee when he

5

purchased the Bank's stock.

Furthermore, Granader cannot prove that McBee's conduct constitutes grounds for recision pursuant to Section 33 of the Texas Securities Act. Although reliance is not required in a Section 33 action, materiality is. An omitted fact is material if, there is a

> substantial likelihood that, under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of the reasonable shareholder. Put another way, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available.

*TSC Industries, Inc. v. Northway, Inc.,* 426 U.S. 438, 449, 96 S.Ct. 2126, 2132, 48 L.Ed.2d 757 (1976). Granader's complaint that he would not have purchased the stock if he had known that the stock would be issued in his name rather than his children's names, does not, as a matter of law, rise to the level of materiality.

Finally, Granader cannot prove his claim for negligent misrepresentation. Reliance is an element of negligent misrepresentation. *Federal Land Bank Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442 (Tex.1991). By Granader's own admission, he cannot prove that he acted in reliance upon any representation, communication or statement by McBee when he purchased the stock.

B. *Did the district court err in granting the motion for Rule 11 sanctions?*

Granader argues that the district court's order granting Rule 11 sanctions should be reversed. He claims that the district court's order fails to meet the requirements for appellate review. He asserts that the district court failed to: (1) enter specific

6

factual findings; (2) indicate in the record all the factors it considered in choosing the attorney's fee award as a sanction; (3) state in the record which alternative sanctions, if any, it also considered; and (4) explain why the sanction it imposed was the least severe sanction adequate to serve the purposes of Rule 11. *See Akin v. Q-L Investments, Inc.,* 959 F.2d 521, 534-35 (5th Cir.1992).

Granader also asserts that the order constitutes an abuse of discretion. Granader claims that the order is based on the district court's erroneous view that his suit against McBee was wholly frivolous. Granader further asserts that the order constitutes an abuse of discretion because McBee waited until termination of the suit to file his motion for Rule 11 sanctions. Granader claims that this court has condemned this practice as untimely, a failure to mitigate, and retaliatory. *Thomas v. Capital Sec. Services, Inc.,* 836 F.2d 866, 881 (5th Cir.1988) (en banc).

As Granader points out, we review a district court's award of sanctions for an abuse of discretion. *Akin,* 959 F.2d at 534 (*citing, Thomas,* 836 F.2d at 872.). The district court, in its order awarding the sanctions, stated,

> [McBee's] cross-motion for sanctions is GRANTED in the amount of $8,890.00. It is the Court's opinion that the plaintiff's suit against Jim D. McBee is wholly frivolous and should not have been brought. The evidence shows no representations made by McBee and no reliance on McBee by Granader. The plaintiff's insistence on suing McBee is disingenuous to say the least.

Contrary to Granader's assertions, the district court's order

7

adequately meets the requirements for appellate review set out in *Akin*. The district court made specific factual findings. The district court found Granader's suit wholly frivolous, and stated that it should not have been brought. It based this decision on the fact that the evidence showed that McBee made no representations and no reliance on McBee by Granader.

This court has stated that the relevant policy concerns underlying Rule 11 are as follows:

> "On the one hand, rule 11 sanctions are designed to deter frivolous lawsuits. Sanctions also insure, to a large degree, that victims of frivolous lawsuits do not pay the expensive legal fees associated with defending such law suits....
>
> On the other hand rule 11 only authorizes "reasonable' fees, not necessarily actual fees."

*Thomas,* 836 F.2d at 879 (*quoting, United Food & Commercial Workers v. Armour and Co.,* 106 F.R.D. 345, 348-49 (1985)). When the district court stated that Granader's suit was wholly frivolous and should not have been brought, it explained why the award of McBee's attorney's fees was the least severe sanction adequate to serve the purposes of Rule 11.

Therefore, we find that the district court did not abuse its discretion in awarding Rule 11 sanctions against Granader.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of McBee, and award of Rule 11 sanctions against Granader.