**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-30336
Summary Calendar
_____

TIMOTHY GAUTREAU; ET AL.,

Plaintiffs,

JAMES J. BALL,

Movant-Appellant,

versus

A. O. SMITH CORP., on behalf of A. O. Smith Harvestore Products, Inc.,
on behalf of Agristor Credit Corp.;
ALABAMA HARVESTORE SYSTEMS INC.;
ARTHUR O. SMITH; BRUCE M. SMITH;
ROBERT J. O'TOOLE; GLENN R. BOMBERGER;
SMITH INVESTMENT CO.; ARTHUR O. SMITH, II; LLOYD B. SMITH,

Defendants-Appellees.

-------------------------------------------------------------
Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-1187
-------------------------------------------------------------
March 27, 2002

Before JOLLY, WIENER and STEWART, Circuit Judges:

PER CURIAM:[*]

James J. Ball, counsel for the plaintiffs, appeals the district court's imposition of monetary

sanctions against him following the dismissal of the instant civil suit premised on diversity and federal-

question jurisdiction. The district court imposed sanctions against Ball after concluding that the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applicable statutes of limitation were such an obvious affirmative defense to the claims presented that the suit should not have been filed in the first place.

Referencing Klehr v. A.O. Smith Corp., 521 U.S. 179 (1997) and Horn v. A.O. Smith Corp., 50 F.3d 1365 (7th Cir. 1995), Ball argues that the district court "failed to recognize the basis in existing Harvestore case law" for the Gautreaus' claims. He also argues that the district court failed to give specific reasons and findings to support the sanctions award. Finally, he argues for the first time on appeal that the district court erred by failing to consider his ability to pay any sanctions imposed.

Ball's references to Klehr and Horn do not demonstrate that the district court's sanctions ruling was based on an erroneous view of the law or on a clearly erroneous assessment of the evidence. See Mercury Air Group, Inc. v. Mansour, 237 F.3d 542, 548 (5th Cir. 2001). Accordingly, he has not shown that the district court abused its discretion in sanctioning him. See id. Moreover, the district court gave sufficient reasons for the sanctions award, including the type and amount of the sanctions. See Granader v. McBee, 23 F.3d 120, 123-24 (5th Cir. 1994). Finally, Ball has not shown the requisite plain error regarding the district court's purported failure to consider his ability to pay. See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

AFFIRMED.