C.M. BERQUIST a/k/a C.B. Riley, Appellant,

v.

Totis ONISIFOROU, Appellee.

No. A14–85–682–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 19, 1987.

Thomas P. Grant, Jr., Missouri City, for appellant.

David E. Arnold, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

C.M. Berquist a/k/a C.B. Riley (Riley or appellant) appeals a judgment entered following a jury trial in a suit pertaining to the sale of Riley's Utah coal mining royalties. Riley brought suit against C.B. Woodward, Atlas Resources, Inc., and Totis Onisiforou (Onisiforou or appellee) seeking damages based on several theories of recovery including breach of a fiduciary relationship, violations of the Texas Deceptive Trade Practices Act (DTPA), fraud, civil conspiracy to defraud and fraud in real estate and stock transactions. Appellant brings four points of error alleging the trial court erred in disregarding the jury's answers finding violations of the DTPA for the reason that Riley was not a consumer, in denying appellant's Motion for Judgment and Motion to Correct Judgment, and in determining the amount awarded appellant against appellee. We find no error and affirm.

Riley allegedly elicited Woodward's assistance in an attempt to sell her ownership interests in certain Utah coal royalty units. On or about February 21, 1978, Woodward represented to Riley that her .02 coal royalty unit had a value of $12,000.00 per unit or $24,000.00, and on or about March 24, 1978, that her .05 coal royalty unit had a value of $12,000.00 per unit or $60,000.00. Woodward contacted appellee as buyer and the sale was finalized. Riley endorsed the $60,000.00 check to Woodward for reinvest-ment in other joint ventures, which eventually was lost.

Riley's petition alleged that Woodward fraudulently misrepresented the value of the interests and that as a result she was induced to sell the coal royalty interests for less than their actual market value. Riley further alleged that Woodward, his company, Atlas Resources, Inc. (Atlas), and appellee conspired to defraud her concerning the value of the coal royalty units, and pled violations of the Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. § 17.41 *et seq.* (Vernon Supp.1987), and Tex.Bus. & Com.Code Ann. § 27.01 (Vernon 1968) (Fraud in Real Estate and Stock Transactions). Riley also alleged that Woodward breached his fiduciary duty and had fraudulently obtained $60,000.00 in proceeds from the second sale of the coal royalty units under the pretext that he would reinvest the money in other joint ventures.

The case was submitted to the jury on special issues, which found with respect to the claims against appellee 1) that Woodward failed to disclose to appellant that appellee was receiving a profit/commission on the sale of two units of appellant's Utah coal royalties; 2) that appellee knowingly benefitted from the representation made by Woodward to appellant on March 24, 1978, that one unit of the Utah coal royalty had a value of $12,000.00 and such representation constituted fraud in a real estate transaction; 3) that appellee entered into a civil conspiracy with Woodward in connection with the representation made on March 24, 1978, that one unit of the Utah coal royalty had a value of $12,000.00, and such conspiracy was a proximate cause of damage to appellant; and 4) that the civil conspiracy concerning the March 24, 1978, representation constituted an unconscionable action and a false, misleading or deceptive act that was a proximate cause of damage to appellant. The jury assessed actual damages of $35,000.00 against appellee plus $24,000.00 in exemplary damages and $4,100.00 in attorney's fees. The trial court granted appellee's Motion to Disregard Findings on Special Issue No. 13 relating to the DTPA claim against appellee for the reason that appellant was not a

consumer under the DTPA as a matter of law. The trial court then entered judgment against all three defendants, with $35,000.00 in actual and $24,000.00 in exemplary damages assessed against appellee. Appellant has appealed the judgment only as it affects Onisiforou.

We first note that appellee contends appellant's Notice of Limitation of Appeal was not timely filed and should be stricken, and that the Notice was not directed at a severable portion of the judgment as required by Tex.R.Civ.P. 353 (Vernon 1985), and is therefore ineffective to limit the scope of this appeal.

The final judgment was signed July 10, 1985. Appellant filed her Motion to Correct Judgment on August 9, 1985, which was overruled by operation of law within seventy-five days after the judgment was signed. Tex.R.Civ.P. 329b(c). A motion to correct a judgment extends the time for perfecting an appeal in the same manner as a motion for new trial. Tex.R.Civ.P. 329b(g). Appellant's Notice of Limitation of Appeal was timely filed under Tex.R. Civ.P. 353.

■ Appellee also contends that appellant's Notice was not directed at a severable portion of the judgment and was therefore ineffective to limit the scope of this appeal as required by Rule 353. Appellee argues that the language used in appellant's Notice of Limitation of Appeal that "[R]ILEY'S appeal is limited to that portion of the Trial Court's judgment rendered against Defendant TOTIS ONISIFOROU which specifies the theory of recovery upon which judgment was rendered against Defendant TOTIS ONISIFOROU and the amount so awarded" is not a clear limitation because it necessarily calls the entire controversy into question, including theories of recovery and damages not involving appellee. We hold that appellant's Notice was effective according to Rule 353 to narrow the scope of this Court's review to a severable portion of the trial court's judgment involving the damages assessed against Onisiforou based on theories of recovery found by the jury that involved Onisiforou as distinguished from the other defendants.

Having found that appellant's appeal is properly before this court, we address appellant's first point of error in which she contends the trial court erred in disregarding the jury's answers to Special Issue No. 13. The jury found in Special Issue No. 11 that appellee entered into a civil conspiracy with Woodward in connection with the March 24, 1978, representation to appellant, and in Special Issue No. 13 that this civil conspiracy constituted a violation of the Texas Deceptive Trade Practices Act. The trial court granted appellee's Motion to Disregard Findings on Special Issue No. 13 "for the reason that Plaintiff RILEY is not a consumer under the Texas Deceptive Trade Practices-Consumer Protection Act, as a matter of law, in connection with her claim against Defendant ONISIFOROU."

Appellant argues that she was a consumer in terms of her relationship to the transaction, not by contractual relationship with appellee, the only requirement being that goods or services sought or acquired by a consumer form the basis of her complaint, citing *Flenniken v. Longview Bank and Trust Co.*, 661 S.W.2d 705 (Tex.1983). Appellant also contends the trial court by its findings against Woodward and Atlas under the DTPA established as a matter of law that she was a consumer to the transaction.

Appellee maintains that the pleadings, evidence and special issues submitted to the jury conclusively show that appellant was a seller of coal royalty interests and not a purchaser.

■ It is clear that only a "consumer" has standing to maintain a private cause of action for treble damages and attorney's fees under section 17.50(a) of the DTPA. *Flenniken*, 661 S.W.2d at 706. At least two requirements must be established for a person to qualify as a consumer under the DTPA. First, the person must have sought or acquired goods or services by purchase or lease. Second, the goods or services purchased or leased must form the basis of the complaint. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539

(Tex.1981). It is clear that appellant was not a consumer; she did not seek or acquire by purchase or lease the goods or services that formed the basis of her complaint. The basis of her complaint as reflected in her petition was that as a seller she did not receive a fair price in the sale of her coal royalty interests. This is further reflected in the jury's answer to Special Issue No. 13 that the false, misleading or deceptive act occurred in the conspiracy by Woodward and appellee to misrepresent on March 24, 1978, the value of the coal royalty interest thereby inducing appellant to sell the interest. Because what appellant sought was the sale of her interests, she did not qualify as a consumer under the DTPA.

Nor do we find persuasive appellant's contention that the trial court's findings against Woodward and Atlas under the DTPA establishes as a matter of law that she was a consumer. Only appellee challenged the DTPA findings. The trial court could not disregard these findings as to Woodward and Atlas absent a motion to do so. *See* Tex.R.Civ.P. 301. *See also Olin Corp. v. Cargo Carriers, Inc.*, 673 S.W.2d 211, 213–14 (Tex.App.—Houston [14th Dist.] 1984, no writ). Appellant's first point of error is overruled.

In points of error two, three and four appellant contends the trial court erred in denying her Motion for Judgment, Motion to Correct Judgment and in determining the amount awarded appellant against appellee. Appellant claims that because Woodward was found liable under the DTPA, and Woodward and appellee were found to have committed a civil conspiracy in connection with the March 24, 1978, misrepresentation, appellee should be jointly and severally liable for all of Woodward's DTPA violations, including both the February 21, 1978, and, the March 24, 1978, sales and the endorsement of the $60,000.00 check. Appellant cites *State v. Standard Oil Co.*, 130 Tex. 313, 107 S.W.2d 550 (1937), which contains language that "[A] coconspirator ... having once entered the conspiracy, however late, becomes in law a party to every act previously or subsequently done by any of the others in pur-

suance of it." *Id.* 107 S.W.2d at 560. Alternatively, appellant contends she should recover treble damages, attorney's fees and costs against appellee via the conspiracy finding and Woodward's DTPA violation concerning the March 24, 1978, misrepresentation. We are unpersuaded by these arguments. The conspiracy finding does not alter the basic requirement that appellant qualify as a consumer before she is entitled to treble damages under the DTPA. Since we have found appellant not to be a consumer, these arguments are without merit. The second, third and fourth points of error are overruled.

Appellee brings two cross-points alleging the trial court erred in denying his Motion for Judgment N.O.V. or Motion to Disregard Jury Findings and in entering judgment against appellee because appellant failed to prove a cause of action under section 27.01 of the Tex.Bus. & Com.Code concerning fraud in real estate and stock transactions. Appellee claims that the only basis for recovery against him was premised on the theory that Woodward's misrepresentation on March 24, 1978, amounted to fraud in a real estate transaction from which appellee knowingly benefitted. Appellee asserts that Woodward's statement as to the value of appellant's coal royalty unit was a mere expression of opinion and could not give rise to liability on the part of appellee under section 27.01 because this section defines fraud as consisting of a false representation of a past or existing material fact and that, as a matter of law, no such false representation occurred.

This court is aware that in order to constitute actionable fraud the representation complained of must concern a material fact as distinguished from a mere matter of opinion, judgment, probability or expectation. *Ryan v. Collins*, 496 S.W.2d 205, 210 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.). However, whether a fraud has been committed is a fact question to be determined by the trier of facts. *Wink Enterprises, Inc. v. Dow*, 491 S.W.2d 451, 453 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r.e.). The trial court could disregard jury findings only if there was no evidence to

support the findings. No statement of facts was filed in the record before this court. In the absence of a statement of facts, it must be presumed that sufficient evidence was introduced to support the findings of the trial court and its judgment, and every presumption must be indulged in favor of the judgment. *Intertex, Inc. v. Walton*, 698 S.W.2d 707, 711 (Tex.App.— Houston [14th Dist.] 1985, writ ref'd n.r.e.). Appellee's cross-points are overruled.

The trial court's judgment is affirmed.