Cynthia CASTEEL–DIEBOLT, Appellant,

v.

**Daniel DIEBOLT, Appellee.**

No. 14–94–00229–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 12, 1995.

Rehearing Overruled Dec. 14, 1995.

John D. Payne, Houston, for appellant.

Jolene Wilson–Glah, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

MURPHY, Chief Justice.

The appellant, Cynthia Casteel–Diebolt, appeals from an order granting the appellee, Daniel Diebolt, sole managing conservatorship of their two minor children. Appellant brings eleven points of error and appellee brings six cross points. We affirm.

In January 1991, the trial court signed an agreed order, providing that both appellant and appellee serve as joint managing conservators of their two children. Following several months of disharmony, including allegations made by appellant of sexual abuse committed by appellee and contempt proceedings brought by appellee against appellant for violating an agreed order, both parties sought modification of the joint managing conservatorship. *See* TEX.FAM.CODE ANN. § 14.081(d). A jury appointed appellee the sole managing conservator of the children.

In her first point of error, appellant contends the jury was not correctly charged. She argues the trial court should have included the enumerated factors in section 14.081(d) of the family code that are used to determine whether a joint managing conser-

vatorship should be replaced with a sole managing conservatorship.

We do not reach the merits of the sufficiency of the jury charge, however, because appellant waived her complaint by failing to object at trial. TEX.R.APP.P. 52(a). To preserve error in a jury charge, the party complaining on appeal must have made the trial court aware of the complaint and must have obtained a ruling. *State Dep't of Highways v. Payne,* 838 S.W.2d 235, 241 (Tex. 1992). Because appellant failed to comply with this rule, she has waived any error. Moreover, appellant agreed to the submitted jury charge. Appellant is now estopped from taking a different position on appeal by complaining the charge was defective. *See, e.g., Litton Indus. Products Inc. v. Gammage,* 668 S.W.2d 319, 322 (Tex.1984); *Marino v. Hartsfield,* 877 S.W.2d 508, 513 (Tex.App.— Beaumont 1994, writ denied); *Furnace v. Furnace,* 783 S.W.2d 682, 684 (Tex.App.— Houston [14th Dist.] 1989, dis'm w.o.j.); *Mullins v. Coussons,* 745 S.W.2d 50, 51 (Tex. App.—Houston [14th Dist.] 1987, no writ).

Appellant further contends the error was fundamental. Fundamental error exists only under rare circumstances in which the record shows on its face that either the trial court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes and constitution of this state. *Cox v. Johnson,* 638 S.W.2d 867, 868 (Tex.1982). Fundamental error is not present in this case. The record is devoid of any evidence that the trial court lacked jurisdiction or that the child custody modifications were a public interest. Accordingly, appellant's first point of error is overruled.

In points of error two through five, appellant contends: (1) inadmissible hearsay testimony was admitted; (2) an audio tape was admitted without the proper predicate; (3) leading questions were improperly allowed; and (4) deposition testimony was improperly used. Appellant, however, fails to support any of these points of error with legal authority, or with any accurate reference to the portions of the record upon which she relies. A point of error not supported by

authority is waived. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983); *Budd v. Gay,* 846 S.W.2d 521, 524 (Tex.App.—Houston [14th Dist.] 1993, no writ); *Elder v. Bro,* 809 S.W.2d 799, 801 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *see also* TEX. R.APP.P. 74(f). This Court has no duty to search a voluminous record without guidance from appellant to determine whether an assertion of reversible error is valid. *Stevens v. Stevens,* 809 S.W.2d 512, 513 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Most Worshipful Prince Hall v. Jackson,* 732 S.W.2d 407, 412 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Instead, the burden is on appellant to demonstrate the record supports her contentions and to make accurate references to the record to support her complaints on appeal. *Elder,* 809 S.W.2d at 801. The failure to cite to relevant portions of the trial court record waives appellate review. *Tacon Mechanical Contractors v. Grant Sheet,* 889 S.W.2d 666, 671 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Accordingly, appellant's points of error two through five are overruled.

■ In points of error six through eleven, appellant challenges the legal and factual sufficiency of the evidence. As with points two through five, however, appellant failed to preserve error because her brief lacked authority and accurate references to the record. In addition, appellant judicially admitted to material and substantial changes in the circumstances of her children and that the prior custody order had become unworkable under the existing circumstances. Consequently, she is precluded from challenging the sufficiency of the evidence to support the change of conservatorship. *Thompson v. Thompson,* 827 S.W.2d 563, 566 (Tex.App.—Corpus Christi 1992, writ denied). Appellant's points of error six through eleven are overruled.

■ Appellee has asserted six cross-points for our consideration. In cross-points one and three, appellee contends that because he substantially prevailed in his cross-motion to modify child custody, the trial court abused its discretion by failing to award him costs and attorney fees. Provisions of the family code with respect to attor-ney fees and costs are intended to supplant rules of civil procedure. *Gross v. Gross,* 808 S.W.2d 215, 221–222 (Tex.App.—Houston [14th Dist.] 1991, no writ). Thus, appellee's ability to recover attorney fees and costs is limited to section 11.18 of the family code, which provides for reasonable attorney fees, as well as other costs, in suits affecting the parent-child relationship. *In Interest of Pecht,* 874 S.W.2d 797, 803 (Tex.App.—Texarkana 1994, no writ); *In Interest of R.M.H.,* 843 S.W.2d 740, 742 (Tex.App.—Corpus Christi 1992, no writ). The decision to award attorney's fees and costs, however, is within the discretion of the trial court. *Pecht,* 874 S.W.2d at 803; *R.M.H.,* 843 S.W.2d at 742. Absent a showing of an abuse of discretion, we will not reverse the trial court's decision on attorney fees. *Cohen v. Sims,* 830 S.W.2d 285, 290 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Upon thorough review of the record, we find no abuse of discretion by the trial court; therefore, cross-points one and three are overruled.

■ In his fifth cross-point, appellee urges this Court to sever and remand the issues of attorney fees and costs because these issues were not ruled on by the trial court. Appellee relies exclusively on *A.V.I., Inc. v. Heathington,* 842 S.W.2d 712, 718 (Tex.App.—Amarillo 1992, writ denied), in which the court severed and remanded the attorney fees issue. *Id.* In that case, the trial court disregarded the jury's findings as to attorney fees, but failed to enter on the judgment the amount of attorney fees to be awarded. *Id.* The Amarillo court reasoned that because the trial court intended to award some amount of attorney fees, severance and remand of the attorney fees issue was appropriate. *Id.*

In the present case, despite appellee's specific request for attorney fees and costs in his "Second Amended Cross Motion to Modify In Suit Affecting the Parent–Child Relationship," the trial court awarded attorney fees and costs only to the attorney/guardian ad litem who was appointed by the trial court to represent the minor children. Moreover, unlike *Heathington,* the record is devoid of any evidence of intent by the trial court to award the appellee costs or attorney fees. There-

fore, because we find the trial court neither intended to award the appellee attorney fees and costs, nor abused its discretion by failing to do so, appellee's fifth cross-point is overruled.

In appellee's second cross-point, he asserts the trial court erred in overruling his motion to quash appellant's motion for new trial. Appellee contends the trial court lacked plenary power when it denied appellant's motion for new trial, and thus, points of error two through eleven were not properly preserved for our review. Appellant's motion for new trial, however, was required to preserve only those points of error challenging legal and factual sufficiency. *See* TEX.R.CIV.P. 324(b). Because we have already determined that these points of error were waived by the appellant and not subject to our review, we find it unnecessary to reach the merits of this issue. Appellee's second cross-point is overruled.

■■■ By his fourth cross-point, appellee requests sanctions against appellant. TEX.R.APP.P. 84. Although granting sanctions under this rule is within an appellate court's discretion, *Maronge v. Cityfed Mortgage Co.*, 803 S.W.2d 393, 396 (Tex.App.— Houston [14th Dist.] 1991, no writ), this rule should only be applied with prudence, caution, and after careful deliberation. *Exxon Corp. v. Shuttlesworth*, 800 S.W.2d 902, 908 (Tex.App.—Houston [14th Dist.] 1990, no writ). Rule 84 requires this court to ask first whether the appeal was brought "for delay and without sufficient cause." TEX.R.APP.P. 84. The focus of this test is whether appellant had a reasonable expectation of reversal or whether he merely pursued the appeal in bad faith. *Francis v. Marshall*, 841 S.W.2d 51, 54–55 (Tex.App.—Houston [14th Dist.] 1992, no writ). The "[c]ourt should impose damages only if the likelihood of a favorable result was so improbable as to make this an appeal taken for delay and without sufficient cause." *Francis*, 841 S.W.2d at 55 (citing *Ambrose v. Mack*, 800 S.W.2d 380, 383 (Tex. App.—Corpus Christi 1990, writ denied)).

■■ Upon review of the record and in light of appellant's failure to comply with rules of appellate procedure 50(d), 52(a) and 74(f), we find that sanctions are warranted.

First, Appellant readily admits in her brief that: (1) her complaint as to the charge was not properly preserved for appeal; and (2) the jury charge was submitted by agreement of the parties. Appellant was aware her challenge as to the sufficiency of the charge was groundless. Appellant, nonetheless, asserts this complaint in her first point of error, arguing that fundamental error by the trial court precluded waiver of her complaint, yet, appellant failed to cite to authority to show fundamental error existed. *See* TEX. R.APP.P. 74(f). Second, as to appellant's points two through eleven, she failed to cite to *any* authority or make *any* accurate references to the record to support her arguments. Under these circumstances, we are compelled to hold that appellant has taken this appeal for delay and without sufficient cause. We, therefore, exercise our discretion to assess damages in the sum of two times the total taxable costs to be paid to appellee, Daniel Diebolt. *See* TEX.R.APP.P. 84. Because frivolous litigation should not go unsanctioned, appellee's fourth cross-point is sustained.

■■ In his sixth cross-point, appellee asks this court to sanction appellant's attorney for committing fraud during this appeal. However, whether a fraud has been committed is a fact question to be determined by the trier of facts. *Berquist v. Onisiforou*, 731 S.W.2d 577 (Tex.App.—Houston [14th Dist.] 1987, no writ). Moreover, findings of fact are the exclusive province of the jury and trial court. *Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 744 (Tex.1986). Therefore, because this court has no authority to decide whether fraud was committed by appellant, appellee's sixth cross-point is overruled.

The judgment of the court below is affirmed and we assess sanctions against appellant in the amount of two times the total taxable costs.