**Leonor Ortiz TATE, Individually, and on Behalf of the Estate of Larry Wayne Tate, Deceased, Appellant,**

v.

**E.I. DU PONT de NEMOURS & COMPANY, INC., Appellee.**

No. 14–95–00993–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 2, 1997.

---

J. Norman Thomas, Corpus Christi, for appellant.

Reid Williamson, Richard A. Sheehy, Houston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION

HUDSON, Justice.

This is an appeal from a summary judgment granted in favor of appellee, E.I. Du Pont de Nemours & Company. Appellant, Leonor Ortiz Tate, commenced a wrongful death and survival action against appellee alleging that Larry Wayne Tate died because of exposure to certain chemicals at appellee's plant. After having its first motion for summary judgment denied, appellee filed an amended motion for summary judgment and motion for rehearing. This motion urged that appellant lacks standing to prosecute this lawsuit, that appellant failed to timely commence a proceeding to prove her common law marriage to Larry Wayne Tate, and that the appellant's action is time-barred under TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(b) (Vernon 1986). The trial court awarded appellee summary judgment. In one point of error, appellant contends the trial court erred in granting appellee's

amended motion for summary judgment and motion for rehearing. Appellee brings one cross-point on appeal urging this Court to impose sanctions on the appellant for pursuing a patently frivolous appeal. We affirm.[1]

The record before this Court shows that Larry Wayne Tate was employed as a security guard for V.G. International, Inc. From July 30, 1989 through July 20, 1991, Mr. Tate was assigned as a contract security guard to appellee's plant in La Porte, Texas. In late 1989, approximately four months after Tate started work at appellee's plant, he began to exhibit symptoms of illness, coughing, shortness of breath, chills, and sweats. While Tate apparently smoked between two and four packs of cigarettes per day, he and appellant nevertheless concluded that his symptoms were caused by exposure to chemicals at appellee's plant. Tate died on February 24, 1992 of pulmonary fibrosis.

Appellant commenced this action on July 19, 1993. She alleged that exposure to the chemicals at appellee's plant caused Tate's death. Appellant also claimed to be Tate's common law wife. She admitted that there had been no ceremonial marriage, but claimed that she and Tate had lived together almost continuously since 1985 and had held themselves out as being married. However, a 1989 employment application completed by Tate reports his status as "single." Moreover, his death certificate indicates that Tate was divorced and lists "N/A" in the surviving spouse blank.

On August 11, 1994, appellee filed a motion for summary judgment. The basis for this motion apparently was that this lawsuit was time barred by TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(b) (Vernon 1986) because Tate's injury became apparent in 1989, more than two years prior to his death. The precise grounds for this motion, as well as the substance of the evidence supporting

1. We initially dismissed this appeal for want of jurisdiction on the grounds that appellant's motion for new trial was untimely. We held that because appellant had failed to tender the required filing fee before her motion for new trial was overruled by operation of law, the appellate timetable had not been extended. The Texas Supreme Court granted writ of error and re-

versed, holding that the conditional filing of the motion, without tender of the filing fee, was sufficient for purposes of extending the appellate timetable. *Tate v. E.I. DuPont de Nemours & Co.*, 934 S.W.2d 83, 84 (Tex.1996). The court then remanded this case for consideration of appellant's points of error.

it, are unknown to this Court. The motion and attached exhibits were not designated as part of the record on appeal and have not been presented to us. This first motion was denied, but on March 16, 1995, appellee filed an amended motion for summary judgment and motion for rehearing. The amended motion raised arguments regarding Tate's common law marriage and appellant's standing to sue; the motion for rehearing renewed the limitations arguments urged in the original motion for summary judgment and asked the court to reconsider its previous ruling. In support of this motion for rehearing, appellee incorporated by reference its original motion for summary judgment and cited to exhibits on file with the court as part of the original motion. The trial court found the amended motion and motion for rehearing were meritorious and granted summary judgment in favor of appellee.

■■■ A trial court's denial of a motion for summary judgment is not a final adjudication of any matter, thus, the issues may be urged again before the trial court after a motion has been denied. *Villages of Greenbriar v. Torres,* 874 S.W.2d 259, 262 (Tex.App.—Houston [1st Dist.] 1994, writ denied). When a subsequent motion is filed, the evidence in support of the earlier motion constitutes a part of the summary judgment record even though not attached to the latter. *Whitaker v. Huffaker,* 790 S.W.2d 761, 763 (Tex.App.—El Paso 1990, writ denied). As noted above, the record presented to this Court lacks the appellee's original motion for summary judgment and the evidence attached thereto.

As the appellee points out in its first reply point, it is the appellant's burden to bring forward the summary judgment record to prove there is reversible error. TEX.R.APP. P. 50(d); *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 689 (Tex.1990). In the absence of a complete record of the summary judgment proof considered by the trial court, the appellate presumption shall be that the omitted documents support the judgment of the trial court. *Id.; Bell v. Moores,* 832 S.W.2d

749, 755 (Tex.App.—Houston [14th Dist.] 1992, writ denied). At submission, appellant argued that though the appellate record may be "technically" incomplete, it contains sufficient summary judgment evidence to raise material issues of fact with regard to her claims. *See Gupta v. Ritter Homes, Inc.,* 633 S.W.2d 626, 628 (Tex.App.—Houston [14th Dist.] 1982), *aff'd in part, rev'd in part on other grounds,* 646 S.W.2d 168 (Tex.1983) (indicating that a summary judgment need not be sustained because of an incomplete record when the trial court's ruling was made on points of law under undisputed facts). We find, however, that the trial court's consideration of the limitations issue rested upon summary judgment evidence which has been omitted from the record before us.[2]

This cause was submitted on May 29, 1997. On June 23, 1997, three weeks after submission, and 20 months after appellee filed its brief pointing out the deficiency in the record, appellant filed a request to supplement the record with the original motion for summary judgment. We granted the motion and ordered the record supplemented on or before July 21, 1997.

More than two weeks after the supplemental transcript was due, appellant filed an amended request to supplement the record on August 7, 1997. In this amended motion, appellant claimed the Harris County District Clerk's Office would not prepare a supplemental transcript in less than 30 days unless it was specifically ordered to do so by this Court. Without further explanation, appellant asked that we order the district clerk to prepare the supplemental transcript in less than 30 days. The motion asserted that "[a]ppellant's counsel has requested the necessary documents from the Harris County District Clerk's Office," but it did not state when the request was made or why the district clerk had been unable to prepare the supplemental transcript during the preceding six weeks. When we instructed the Clerk of this Court to contact the Harris County District Clerk's Office, we discovered that appellant did not request a supplemental tran-

---

2. Even appellant's own brief cites to her response to the appellee's first motion for summary

judgment and the documents attached thereto.

script until August 1, 1997. Appellant has offered no explanation for the delay in presenting his request to the district clerk. We denied appellant's Amended Motion for Leave to File Supplemental Transcript on August 28, 1997. Accordingly, her sole point of error is overruled.

 We next consider appellee's sole cross-point of error in which it requests this Court to sanction appellant for filing a patently frivolous appeal. The rules of appellate procedure provide that when an appellant has taken an appeal for delay and without sufficient cause, the court may award each prevailing appellee an amount not to exceed ten times the total taxable costs as damages against the appellant. TEX.R.APP. P. 84. Granting a sanction under this rule is within an appellate court's discretion, but should only be applied with prudence, caution, and after careful deliberation. *Casteel–Diebolt v. Diebolt,* 912 S.W.2d 302, 306 (Tex.App.—Houston [14th Dist.] 1995, no writ). The focus of the test is whether appellant had a reasonable expectation of reversal or whether he merely pursued the appeal in bad faith. *Id.*

Some of the factors we consider when deciding whether to impose such a penalty against the appellant may include the failure to present a complete record,[3] the raising of certain issues for the first time on appeal,[4] the failure to file a response to a cross-point requesting sanctions,[5] and the filing of an inadequate appellate brief.[6] Here, as we have already mentioned, an incomplete record was presented. In addition, appellant devoted a large portion of his brief to arguing the unconstitutionality of Section 1.91 of the Texas Family Code, a matter not raised before the trial court. No response was filed to the appellee's cross-point requesting sanctions, and appellant's brief, the substance of which comprises no more than two double-spaced pages of argument and authority,

lacked specific citations to the record. *See* TEX.R.APP. P. 74(f).

We find from the record before us that the appeal in this cause was taken without sufficient cause and for the purpose of delay. Accordingly, we affirm the judgment of the trial court and impose sanctions under TEX.R.APP. P. 84 by awarding damages in the amount of $1,040 to appellee which is five times the taxable costs of the appeal.

---

**3.** *Anzilotti v. Gene D. Liggin, Inc.,* 899 S.W.2d 264, 269 (Tex.App.—Houston [14th Dist.] 1995, no writ).

**4.** *Bradt v. West,* 892 S.W.2d 56, 79 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

**5.** *Id.*

**6.** *See Boudreaux Civic Ass'n v. Cox,* 882 S.W.2d 543, 551 (Tex.App.—Houston [1st Dist.] 1994, no writ).