**Motion for En Banc Reconsideration Denied as Moot; Opinion issued July 24, 2018, Withdrawn; Affirmed and Substitute Opinion filed September 18, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00317-CV

---

## IN THE INTEREST OF N.M.B., A CHILD

---

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2009-50557**

---

## M E M O R A N D U M   O P I N I O N

We issued our opinion in this case on July 24, 2018. Thereafter, appellant Dennis Thomas Beacham ("Father") filed a motion for en banc reconsideration. We withdraw our previous opinion, vacate our previous judgment, and issue this substitute opinion and judgment. We deny as moot Father's motion for en banc reconsideration.

The underlying case was a suit to modify the parent-child relationship brought by Father against appellee Annahita Youssefi ("Mother"). This appeal challenges

the trial court's award of attorney's fees to Mother after Father filed a nonsuit. The record reflects the following timeline, in pertinent part:

- 05/27/16  Mother files answer that pleads for attorney's fees;
- 12/02/16  Mother files motion for interim attorney's fees;
- 01/10/16  Hearing held;
- 02/23/17  Father files motion for nonsuit;
- 02/24/17  Trial court grants motion for nonsuit;
- 03/9/17   Mother files motion for attorney's fees;
- 3/23/17   Hearing held and order signed awarding attorney's fees.

In his sole issue, Father challenges the trial court's order awarding $9,747.80 to Mother for attorney's fees after he filed a nonsuit. Because Mother's claim for attorney's fees at the time of the nonsuit was based solely on defending against his suit, appellate contends the attorney's fees claim was not a request for affirmative relief that survived the nonsuit. Further, Father contends there was no "viable" motion for fees pending at the time of the nonsuit.[1]

Texas Rule of Civil Procedure 162 provides two "notable exceptions" to the effect of a nonsuit. *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008) (citing Tex. R. Civ. P. 162). First, "[a]ny dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." Tex. R. Civ. P. 162. Second, "[a] dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court." *Id.*

---

[1] Father does not challenge the amount of the award.

The attorney's fees awarded in this case are governed by the Texas Family Code.[2] The Family Code provides a comprehensive scheme authorizing a trial court to award attorney's fees pursuant to both a general statute and specific statutes. *Tucker v. Thomas*, 419 S.W.3d 292, 295 (Tex. 2013) (citing Tex. Fam. Code Ann. § 106.002 (West 2014)). Section 106.002 is the general statute applicable to all suits affecting the parent-child relationship ("SAPCRs"). Tex. Fam. Code § 106.002. Section 106.002 vests a trial court with discretion to render judgment for reasonable attorney's fees. *Tucker*, 419 S.W.3d at 296 (citing Tex. Fam. Code § 106.002(a)); *see also Watts v. Oliver*, 396 S.W.3d 124, 132 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Under section 106.002, the trial court has the discretion to shift attorney's fees from one party to the opposing party. *See Tucker,* 419 S.W.3d at 295.

Section 105.001(a)(5) is a specific statute that authorizes a temporary order for payment of reasonable attorney's fees and expenses for the safety and welfare of the child. *See* Tex. Fam. Code Ann. § 105.001(a)(5) (West 2008); *see also Nuszen v. Burton*, 494 S.W.3d 799, 801 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Although this section is entitled "Temporary Orders Before Final Order," a trial court also has authority under this section to enter a post-judgment temporary order

---

[2] The Family Code's provisions for attorney's fees were intended to supplant the Texas Rules of Civil Procedure. *Diaz v. Diaz*, 350 S.W.3d 251, 255–57 (Tex. App.—San Antonio 2011, pet. denied) (citing *Casteel–Diebolt v. Diebolt,* 912 S.W.2d 302, 305 (Tex. App.—Houston [14th Dist.] 1995, no writ) (noting with respect to the former version of Chapter 106 that "[p]rovisions of the family code with respect to attorney fees and costs are intended to supplant rules of civil procedure")). It was in recognition of the unique posture of family law cases that the prior version of section 106.002 was amended to eliminate the requirement that costs be assessed "as in other civil cases." *Id.* (citing *Billeaud v. Billeaud,* 697 S.W.2d 652, 655 (Tex. App.—Houston [1st Dist.] 1985, no writ). Thus Father's heavy reliance upon cases that arise outside of the family law context is misplaced.

affecting a child's safety and welfare. *See Morse v. Baker-Olsen*, 929 S.W.2d 659 (Tex. App.—Houston [14th Dist.] 1996, no writ).

We review a trial court's decision to award attorney's fees for an abuse of discretion. *Russell v. Russell,* 478 S.W.3d 36, 47 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also Casteel-Diebolt v. Diebolt*, 912 S.W.2d 302, 305 (Tex. App.—Houston [14th Dist.] 1995, no writ) (under former version of the family code). We will not reverse a trial court's judgment on attorney's fees in a SAPCR absent a clear showing of abuse of discretion. *In re A.C.J.,* 146 S.W.3d 323, 327 (Tex. App.—Beaumont 2004, no pet.); *see also Casteel-Diebolt*, 912 S.W.2d at 305 (under former version of the family code). There is no abuse of discretion where an award of attorney's fees is supported by the evidence. *Tull v. Tull,* 159 S.W.3d 758, 760 (Tex. App.—Dallas 2005, no pet.).

Mother filed a motion for interim attorney's fees before Father filed his notice of nonsuit. *See* Tex. Fam. Code § 105.001(a)(5) (providing that in a SAPCR the trial court may make a temporary order, for the safety and welfare of the child, for payment of reasonable attorney's fees and expenses). Father contends the motion was "disposed [of] by" the nonsuit because "the controversy upon which those fees were predicated was moot." This reasoning is flawed. Under Rule 162's express terms, a pending motion for attorney's fees survives a nonsuit—it is not rendered moot by the same nonsuit.

The trial court's findings of fact state:

This Court held a contested hearing on [Mother's] Motion for Interim Fees on January 10, 2016, the result of which ordered [Father] to pay [Mother's] counsel Fifty Thousand Dollars ($50,000.00) within sixty days' of the hearing, on or before March 11, 2016. An order was drafted by [Mother's] attorneys with entry of the resulting order scheduled for February 24, 2017.

4

The record before this court contains no temporary order for attorney's fees and the findings of fact reflect none was entered, although an order was *scheduled* for entry. Father does not contest the trial court's finding; in any event, that hearing record is not before us. *See Mason v. Our Lady Star of Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (noting that we presume any omitted portions of the reporter's record support the trial court's judgment). Accordingly, the record before this court demonstrates that at the time of the nonsuit there was a pending motion for attorney's fees.

After the nonsuit was filed, and while the trial court still retained plenary power, the subsequent motion for attorney's fees was filed. Included within her motion, Mother argued that payment of reasonable attorney's fees was necessary to protect the child's safety and welfare. Mother further asserted that Father had made no payment to her attorney for fees. At the hearing the trial court asked counsel if Father had paid any attorney's fees and was informed that he had not. The motion requested only the amount of fees incurred and the order reflects the award was for fees incurred as of the filing of the nonsuit.

The trial court could have correctly awarded Mother attorney's fees pursuant to section 105.001(a)(5), as requested by the motion that remained pending at the time of the nonsuit. Thus the trial court reached a correct result.[3] *See Diaz v. Diaz*, 350 S.W.3d 251, 257 (Tex. App.—San Antonio 2011, pet. denied). Under an abuse of discretion standard, we will not reverse the trial court's judgment if the trial court reaches a correct result even for a wrong reason. *Chenault v. Banks,* 296 S.W.3d 186, 190 (Tex. App.-Houston [14th Dist.] 2009, no pet.). Because the evidence in

---

[3] The trial court's findings of fact and conclusions of law refer to section 106.002 as the basis for the award. We do not decide whether the trial court could have awarded attorney's fees on that basis.

the record supports the award, Father has not shown the trial court abused its discretion. *See Tull*, 159 S.W.3d at 760.  Accordingly, we overrule Father's sole issue and affirm the trial court's judgment.

/s/      John Donovan
Justice

Panel consist of Justices Boyce, Donovan and Wise.

6