In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00345-CV
_____

KIMBERLY LEVY COSTANZO, EXECUTRIX FOR THE
ESTATES OF JOY LEVY AND SCOTT LEVY, Appellant

V.

TEXAS ADVANTAGE COMMUNITY BANK N.A., Appellee

On Appeal from the 356th District Court
Hardin County, Texas
Trial Cause No. 56542-A

## MEMORANDUM OPINION

Appellant Kimberly Levy Costanzo ("Costanzo" or "Appellant") appeals from an order granting a summary judgment to Appellee Texas Advantage Community Bank ("TACB" or "Appellee") and dismissing all claims asserted by Costanzo against TACB. We reverse and remand because the order granting summary judgment granted more relief than TACB requested in its motion for summary judgment.

1

## Background

Scott Levy, Costanzo's father, died in 2014, and he was survived by his wife Joy. Joy died on February 19, 2015, and Costanzo has alleged she is the executrix of Scott's and Joy's estates.

Costanzo originally filed suit in October 2015. Her Third Amended Petition was the live pleading at the time TACB filed its motion for summary judgment. Costanzo named as defendants Jeanette and James Holdsworth, Jay Wesley Mann,[1] and TACB, and Costanzo sued individually and in her capacity as executrix of Scott's and Joy's estates.

According to Costanzo, after Scott died, Joy was "mentally incapacitated, and unable to care for herself[,]" and Jeanette and James "create[ed] a fraudulent document that they illegally represented to others was a valid power of attorney" for Joy. Costanzo alleged that Jeanette, James, and Jay committed elder abuse and federal bank fraud and stole over $180,000 from Joy's bank accounts before and after Joy's death. Costanzo asserted that TACB owed a legal duty to protect Joy's financial accounts and had actual knowledge that Jeanette and James "were actively working to create documents to perpetrate bank fraud and elder abuse[.]"

---

[1] In her deposition, Costanzo testified that Jeanette and Jay are Joy's children by a previous marriage, and James testified in his deposition that he is Jeanette's husband. Jeanette, James, and Jay are not parties to this appeal, and we discuss them only as necessary.

Costanzo's Third Amended Petition stated the following claims against TACB: (1) negligence, for breaching a duty to protect Joy's financial accounts, having actual knowledge of Jeanette and James's federal bank fraud and elder abuse, and failure to stop such fraud and abuse or report it to authorities; (2) gross negligence, for having an actual, subjective awareness of the risk but acting with conscious indifference to Joy's rights, safety, and welfare; and (3) fraud by nondisclosure, for failing to disclose material facts related to bank fraud and elder abuse.

In October 2018, TACB filed a motion for summary judgment. TACB styled its motion as a motion for partial summary judgment and requested summary judgment on Costanzo's claims for negligence, gross negligence, fraud by nondisclosure, and "TACB's claim against Kimberly Costanzo in her individual capacity[.]"[2] TACB argued that it had no duty to report elder abuse as a matter of law and that there were no fact issues on whether it had a duty to report elder financial abuse. TACB also argued that it was obligated to comply with the power

---

[2] The appellate record does not include any pleadings showing TACB's claims against Costanzo. In its motion to sever, filed after the trial court granted summary judgment, TACB argued that "[t]he trial court may sever from the rest of the lawsuit a partial summary judgment granted on a claim or defense granted to one of multiple parties, thus allowing the summary judgment to be appealed." For ease of discussion and because the trial court ultimately severed Costanzo's claims against TACB into a separate cause (as we discuss later herein), we refer to TACB's motion as a "motion for summary judgment."

of attorney document that named Jeanette as attorney-in-fact for Joy. TACB argued that Costanzo did not have capacity to sue in her individual capacity, but that she could bring a claim as personal representative of Joy's estate. Finally, TACB argued that the UCC preempted all of Costanzo's common law claims.

Costanzo filed a response in November 2019, arguing that TACB had used its motion for summary judgment "to circumvent special exception practice" in saying Costanzo could not sue in her individual capacity. Costanzo also alleged that a genuine issue of material fact existed on her claims against TACB, and she attached eighteen documents, including pleadings, affidavits, deposition transcripts, and certain documents relating to banking policies and procedures.

In December 2019, while the motion for summary judgment was pending, the trial court held a hearing in the case. Costanzo asked for leave to amend her pleadings, which the trial court granted. On January 10, 2020, Costanzo filed a Fourth Amended Petition. In this petition, Costanzo brought claims as executrix of Scott and Joy's estates, and she did not include claims against TACB for negligence and gross negligence. She did, however, assert claims against TACB for breach of fiduciary duty, fraud by nondisclosure, promissory estoppel, quantum meruit and unjust enrichment, breach of contract, and conversion of instrument under section 3.420 of the Texas Business and Commerce Code.

In July 2021, the trial court held a hearing on TACB's motion for summary judgment. Costanzo's attorney asked the court to take judicial notice of her Fourth Amended Petition and stated that it "alleges several different new causes of action" against TACB. The trial court agreed to take judicial notice as requested. TACB's counsel requested a ruling on the motion for summary judgment so it could prepare a jury charge for the upcoming trial.

A few days later, the trial court signed an order granting summary judgment for TACB. The order stated that the court had considered the motion, the summary judgment evidence, argument of counsel, and all timely filed responses. The trial court granted the motion "as to all claims asserted by Plaintiff Kimberly Levy Costanzo in her capacity as executrix for estates of Scott Ray Levy and Joy Laverne Levy, and in her individual capacity [] against TACB." The order also disposed of "all claims asserted against TACB" by Costanzo.

Costanzo then filed a motion for new trial, arguing that TACB's motion for summary judgment should be denied because she had amended her petition and because TACB had not amended its motion for summary judgment after she amended her pleadings. She also argued that the order was improper because "there were no pleadings on file by any party requesting such relief." Costanzo also argued

5

that the evidence showed that genuine issues of material fact existed that precluded granting summary judgment.[3]

On August 2, 2021, TACB filed a motion to sever, asking the trial court to sever Costanzo's claims against TACB so that the Summary Judgment as to TACB would be a final judgment. The trial court granted the motion to sever in an order signed on August 9, 2021, stating that "this severed order fully disposes of the severed case[.]" Costanzo then appealed.

Issues

In Appellant's first issue, she argues that the trial court erred in granting Appellee's motion for partial summary judgment because genuine issues of material fact existed. In Appellant's second and third issues, she argues that the order granting summary judgment should be reversed and remanded because it disposed of claims that were not part of the TACB's motion for summary judgment. Appellant argues that TACB failed to amend its motion for summary judgment after Appellant filed her Fourth Amended Petition, which Appellant claims mooted the motion for summary judgment. Appellant also argues that it was error for the trial court to dismiss all her claims against TACB with prejudice when TACB failed to amend its

---

[3] The appellate record does not include a ruling by the trial court on Costanzo's motion for new trial, but it was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c).

6

motion for summary judgment to address the additional claims asserted by Appellant in her Fourth Amended Petition.

Standard of Review

We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). The movant for a traditional motion for summary judgment has the burden to establish that no genuine issues of material fact exist, and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). If the moving party produces evidence entitling it to a summary judgment, the burden shifts to the nonmovant to present evidence that raises a material fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).

In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 548-49. Every reasonable inference must be indulged in favor of the nonmovant, and any doubts must be resolved in the nonmovant's favor. *Id.* at 549. Because the trial court's order in this case granting the summary judgment does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003) (citing *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626

7

(Tex. 1996); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)). "A summary judgment movant may not be granted summary judgment as a matter of law on a cause of action not addressed[]" in the motion. *Black v. Victoria Lloyds Ins. Co.*,797 S.W.2d 20, 27 (Tex. 1990); s*ee Clark v. Pimienta*, No. 09-99-035-CV, 2002 Tex. App. LEXIS 8308, at **6-7 (Tex. App.—Beaumont Nov. 21, 2002, no pet.) ("The trial court could not properly grant summary judgment on issues not presented in the motion for partial summary judgment.").

In her first issue, Appellant argues that the trial court erred in granting TACB's motion for summary judgment because she argues she responded to the motion and established that genuine issues of material fact existed. When a summary judgment respondent fails to direct the trial court to specific summary judgment evidence, and merely says a fact issue exists and attaches voluminous exhibits, a fact issue cannot be raised that is sufficient to defeat an adequate summary judgment motion. *See Hinojosa v. Koen*, No. 04-18-00907-CV, 2019 Tex. App. LEXIS 9707, at **7-8 (Tex. App.—San Antonio Nov. 6, 2019, pet. denied) (mem. op.).

Costanzo did not specifically identify any fact issues in her summary judgment response, nor did she specify how any fact issues were raised in her supporting exhibits. Her response to TACB's motion for summary judgment merely stated:

> [] Non-Movant claims a genuine issue of material fact exists as to Movant's claims and submits affidavits, discovery, documentary

8

> evidence and Movant's pleadings, as summary judgment evidence, referenced in an appendix attached hereto, filed with this response and incorporated by such reference for all purposes as if recited verbatim herein.

Costanzo's response included an appendix that listed eighteen documents, which total more than 500 pages. In her response, Costanzo did not cite to any specific pages in her attachments.

Merely citing generally to voluminous summary judgment evidence in response to a motion for summary judgment is not sufficient to raise a fact issue to defeat a summary judgment that adequately challenged the claims. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 81 (Tex. 1989); *Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 776 (Tex. App.—Dallas 2013, pet. denied). "[A] general reference to a voluminous record which does not direct the trial court and parties to the evidence on which the movant relies is insufficient." *Rogers*, 772 S.W.2d at 81. In addition, an appellant has a duty to show that the record supports her contentions and provide citations to the record. *See* Tex. R. App. P. 38.1(i). Absent guidance from a nonmovant, trial and appellate courts are not required to sift through a voluminous record in search of evidence to support the nonmovant's argument that a fact issue exists, and the failure to cite to relevant portions of the record waives appellate review. *See J.W. Garrett & Sons, Inc. v. Snider*, No. 09-14-00306-CV, 2015 Tex. App. LEXIS 10201, at **12-13 (Tex. App.—Beaumont Oct. 1, 2015, pet. denied)

(mem. op.); *Williford v. Nauru Phosphate Royalties, Inc.*, No. 09-99-463-CV, 2000 Tex. App. LEXIS 2349, at **9-10 (Tex. App.—Beaumont Apr. 6, 2000, pet. denied) (mem. op.) (citing *Casteel-Diebolt v. Diebolt*, 912 S.W.2d 302, 305 (Tex. App.—Houston [14th Dist.] 1995, no writ)). Costanzo failed to raise a genuine issue of a material fact in her response to the summary judgment motion sufficient to defeat the motion for summary judgment as to the claims challenged in TACB's motion for summary judgment, and we overrule Costanzo's first issue. *See Arredondo v. Rodriguez*, 198 S.W.3d 236, 238-39 (Tex. App.—San Antonio 2006, no pet.). Because we have overruled issue one, we now address Costanzo's second and third issues.

"A motion for summary judgment must expressly present the grounds upon which it is made[] and must stand or fall on these grounds alone." *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997) (citing *McConnell*, 858 S.W.2d at 341; Tex. R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor.")). "A court cannot grant summary judgment on grounds that were not presented." *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002); *see also Kokes v. Angelina Coll.*, 148 S.W.3d 384, 387 (Tex. App.—Beaumont 2004, no pet.) (per curiam). Therefore, an order granting summary judgment may not grant more relief than requested in the motion for summary judgment. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993).

10

Granting a summary judgment on a claim not addressed in the summary judgment motion is generally reversible error. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011); *see also Santander Consumer USA, Inc. v. Palisades Collection, LLC*, 447 S.W.3d 902, 910 (Tex. App.—Dallas 2014, pet. denied) (If a summary judgment grants more relief than requested, it should be reversed and remanded.).

Costanzo filed her Third Amended Petition—the live petition at the time TACB filed its motion for summary judgment—on April 5, 2019, and therein she stated claims against TACB for negligence, gross negligence, and fraud by nondisclosure. TACB filed its motion for summary judgment on October 9, 2019, arguing that Costanzo had no standing to sue in her individual capacity and that she could only sue as executor of Joy's estate. TACB also argued that it had no duty to report suspected elder abuse, TACB was entitled to and obligated to rely on a valid power of attorney when Jeanette withdrew money from Joy's accounts, and the UCC preempts Costanzo's common-law claims. The motion stated:

> If summary judgment for TACB is not rendered on all of Plaintiff's claims, TACB requests the Court to examine the pleadings and evidence and enter an Order specifying those claims in which no genuine issues of material fact have been raised. TACB further requests, in accordance with Tex. R. Civ. P. 166a(e), that the Court enter partial summary judgment as to those claims for which the Court concludes no fact issues exist.

11

TACB did not state in its motion whether its motion was a traditional or no-evidence motion, and the trial court's order granting the summary judgment did not clarify whether it was granting a no-evidence or traditional summary judgment. Because traditional and no-evidence summary judgment motions are distinct and afford distinct standards of review, we must make an initial determination regarding which type of motion was before the trial court. *Gustafson v. Complete Mfg. Servs.*, No. 09-18-00415-CV, 2020 Tex. App. LEXIS 5697, at *5 (Tex. App.—Beaumont July 23, 2020, no pet.) (mem. op.). In making this determination, we look to the substance of the motion rather than categorizing the motion strictly by its form or title. *Id.* (citing *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 375 (Tex. App.—Dallas 2009, pet. denied); *Sanchez v. Mulvaney*, 274 S.W.3d 708, 710 (Tex. App.—San Antonio 2008, no pet.)). After examining the substance of the motion for summary judgment, we construe the motion as a traditional motion for summary judgment.

At a hearing in December 2019, Costanzo asked the trial court for leave to amend her pleadings, which the court granted. On January 10, 2020, Costanzo filed her Fourth Amended Petition. The Fourth Amended Petition was the live Petition at the hearing on the summary judgment and at the time the trial court granted the motion for summary judgment. In the Fourth Amended Petition, Costanzo stated claims against TACB for breach of fiduciary duty, fraud by nondisclosure,

12

promissory estoppel, quantum meruit and unjust enrichment, breach of contract, and conversion of instrument under section 3.420 of the Texas Business & Commerce Code. At a hearing on July 26, 2021, Costanzo stated that her Fourth Amended Petition alleged "several different new causes of action" against TACB, and the court responded that it would take "judicial notice of that."

The trial court signed the Order Granting Summary Judgment on July 29, 2021, stating that the trial court had considered "the Motion, the summary judgment evidence, argument of counsel, and all timely filed responses[.]" The order granted TACB's motion for summary judgment and stated "[t]his judgment disposes of all claims asserted against TACB by [Costanzo]." In her motion for new trial, Costanzo argued that her Fourth Amended Petition mooted TACB's motion for summary judgment and that "[t]he Court's Order granting summary judgment of all causes of action brought by Movant against [TACB] was improper when there were no pleadings on file by any party requesting such relief."

Our record does not include an amended motion for summary judgment or any further response from TACB which was filed after Costanzo filed her Fourth Amended Petition. On appeal, TACB argues that its motion for summary judgment filed in response to Costanzo's Third Amended Petition "was sufficiently broad to encompass the claims Appellants pled in their Fourth Amended Petition." TACB does not argue that the trial court erroneously granted Costanzo leave to amend or

that the Fourth Amended Petition was untimely filed. In TACB's motion for summary judgment, TACB argued it had no legal duty to report elder abuse and that it was obligated to honor the power of attorney the Holdsworths presented, and it sought a summary judgment on "all claims" asserted in the Third Amended Petition. The motion for summary judgment does not address the new claims asserted in the Fourth Amended Petition. For example, the motion does not address the claims for conversion of an instrument under the UCC,[4] breach of contract, promissory estoppel, or quantum meruit and unjust enrichment, which Costanzo asserted in her Fourth Amended Petition. Costanzo was given leave by the trial court to amend her pleadings.

TACB's motion for summary judgment did not address the new claims pleaded by Costanzo in her Fourth Amended Petition. Therefore, it was error for the order to "dispose of *all claims* asserted against TACB by Plaintiffs[]"[5] because the relief requested by TACB's motion for summary judgment was limited to Costanzo's claims that she pleaded in her Third Amended Petition. *See Ken Petroleum Corp. v. Questor Drilling Corp.*, 24 S.W.3d 344, 357 (Tex. 2000)

---

[4] We note that in TACB's motion for summary judgment TACB stated, "Plaintiff may have a conversion claim[] but not a negligence claim." Costanzo included a claim for conversion of instrument in her Fourth Amended Petition.

[5] Emphasis added.

14

(concluding that the trial court erred by granting summary judgment on a claim not addressed by the motion for summary judgment).

Costanzo amended her petition while TACB's motion for summary judgment was pending. She filed her Fourth Amended Petition on January 10, 2020, with leave of court. The trial court ruled on TACB's motion for summary judgment on July 29, 2021. Costanzo's Fourth Amended Petition abandoned her earlier claims for negligence and gross negligence, so TACB's motion for summary judgment was moot as to those claims. *See* Tex. R. Civ. P. 65 (an amended pleading supersedes an earlier pleading); *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) (a claim is moot where the issues presented are no longer live or the parties do not have a legally cognizable interest in the outcome) (citing *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Costanzo's claim for fraud by nondisclosure remained in her Fourth Amended Petition and stated:

> Following Plaintiff and other members of the Levy family informing Defendant Texas Advantage Community Bank, N.A., that Defendants' James Holdsworth and Jeanette Holdsworth were wrongfully attempting to use an invalid power of attorney, the Defendants concealed/failed to disclose material facts related to the bank fraud of Defendants' Jeanette Holdsworth and James Bernard Holdsworth, along with the elder abuse against Mrs. Levy.

> To prove fraud by non-disclosure, a plaintiff must show:

> (1) the defendant deliberately failed to disclose material facts; (2) the defendant had a duty to disclose such facts to the plaintiff; (3) the plaintiff was ignorant of the facts and did not have an equal opportunity to discover them; (4) the defendant intended the plaintiff to act or

15

refrain from acting based on the nondisclosure; and (5) the plaintiff relied on the non-disclosure, which resulted in injury.

*Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 219-20 (Tex. 2019). TACB's motion for summary judgment argued that TACB had no duty to disclose suspected elder financial abuse or suspected fraud to authorities or to Costanzo,[6] and Costanzo did not adequately respond to the motion for summary judgment as to this claim as we stated in our discussion of issue one. "[I]n the absence of a duty to disclose, a failure to disclose generally cannot serve as evidence of fraud." *J.W. Garrett & Sons, Inc.*, 2015 Tex. App. LEXIS 10201, at *18. We conclude that the trial court correctly awarded summary judgment on the fraud by nondisclosure claim. That said, because in her Fourth Amended Petition Costanzo also asserted new claims for conversion of an instrument under the UCC,[7] breach of contract, promissory estoppel, and quantum meruit and unjust enrichment, and those claims were not addressed in the motion for summary judgment, we have sustained Appellant's second and third issues. We reverse and remand this case to the trial

---

[6] TACB explained in its motion for summary judgment that section 280.002 of the Finance Code imposed a duty on financial institutions in some circumstances to report suspected financial exploitation of vulnerable adults, but this provision was not adopted until September 2017—more than two years after the events that form the basis of Costanzo's claims. *See* Tex. Fin. Code Ann. § 281.002 ("Reporting Suspected Financial Exploitation of Vulnerable Adults[,]" effective September 1, 2017, renumbered in 2019).

[7] We note that in TACB's motion for summary judgment TACB stated, "Plaintiff may have a conversion claim[] but not a negligence claim."

court for proceedings consistent with this opinion. *See McAllen Hosps., L.P. v. State Farm Cty. Mut. Ins. Co. of Tex.*, 433 S.W.3d 535, 541-42 (Tex. 2014) (reversing and remanding because an issue presented on appeal had not been previously raised as a ground for summary judgment).

 REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice

Submitted on July 5, 2022
Opinion Delivered September 29, 2022

Before Golemon, C.J., Horton and Johnson, JJ.