**Jacqueline QUEBE and Charles Quebe, Appellant**

v.

**Curtiss POPE, Appellee.**

No. 14–05–01054–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 20, 2006.

Rehearing Overruled Aug. 24, 2006.

Mark W. Stevens, Galveston, and Otto D. Hewitt III, Alvin, for appellants.

Neil G. Baron, Dickinson, for appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

## OPINION

ADELE HEDGES, Chief Justice.

Curtiss Pope sued Jacqueline Quebe and Charles Quebe, alleging defamation and tortious interference with a contract. The Quebes filed a motion for summary judgment, which the trial court denied. The Quebes then filed this interlocutory appeal from the denial of the motion, and Pope filed a motion to dismiss for want of jurisdiction. Because we are without jurisdiction to consider the appeal, we dismiss.

### Background

Pope is a law enforcement officer with the Texas City Police Department. The Quebes have accused Pope of sexual assault of a minor. The record reflects that prior to the making of these accusation, there was an ongoing personal dispute between Pope and the Quebes. The Quebes allegedly made the accusations to numerous individuals and organizations, including the Texas City Police Chief, the mayor of Texas City, the Galveston County Sheriff's Office, the Galveston County District Attorney, the Child Protective Services Division of the Texas Department of Family and Protective Services, the Texas Attorney General's Office, and an organization

called Justice for Children. To many of these individuals and organizations, the Quebes provided a copy of a videotape made of Mrs. Quebe interviewing the child in question. Several of the organizations investigated the allegations, but no charges were ever brought against Pope. Consequently, the Quebes have additionally alleged that various people have conspired to cover-up the sexual abuse allegations.

The Quebes also allegedly made the accusations to several media outlets, including at least two newspapers: the *Texas City Sun* and *The Galveston County Daily News*.[1] The *Sun* apparently followed up on the accusations by filing a request with Galveston County under the Open Records Act. According to Mrs. Quebe's summary judgment affidavit, the *Sun* ran an article on October 14, 2004,

> to the effect that the County would not release information in response to the paper's request under the Open Records Act. The [a]rticle mentioned that a "law enforcement officer is accused of sexual abuse of a child." The article does not otherwise identify Curtis[s] Pope or any other person as being the accused officer.[2]

In his summary judgment affidavit, Pope stated: "I am aware of an open records request initiated by the Texas City Sun and/or Galveston Daily News with regard to the allegations made by Appellants."

Pope sued the Quebes for defamation and tortious interference with his employment contract. The Quebes filed a motion for summary judgment, arguing, among other things, that their statements were privileged and protected as free speech under the United States and Texas constitutions.

Although, in his petition, Pope alleges that the Quebes made false allegations of sexual abuse to the *Sun,* among many other individuals and organizations, Pope did not plead any claims based on the publication of the newspaper article. During an exchange before the court, the Quebes' counsel asked Pope's counsel whether his complaints included the fact that the article was published. Pope's counsel replied:

> I haven't sued the Texas City Sun. My complaint is that the material was disseminated without a complete summary of what had occurred.
>
> . . . .
>
> So, I guess the answer to your question is yes, I have complaints about the substance of the article which I blame in part on your client's failure to provide a complete summary of what had occurred.

The trial court subsequently denied the Quebes' motion for summary judgment but did not state the basis for its ruling. The Quebes now bring this interlocutory appeal.

### Analysis

 Unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985). Generally, a party may not appeal from a trial court's denial of a motion for summary judgment because it is not a final judgment. *Frias v. Atl. Richfield Co.,* 999 S.W.2d 97, 101 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). Section 51.014 of the Texas Civil Practice and Remedies

---

1. The *Sun* and *The Daily News* merged in November 2004 and are currently published as *The Galveston County Daily News.*

2. The actual article does not appear in the record on appeal.

Code authorizes interlocutory appeal from the denial of a motion for summary judgment under certain circumstances. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2005). Specifically, subsection (a)(6) provides that

(a) A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

. . .

(6) denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73.

Thus, under section 51.014(a)(6), a person who is not a member of the media must meet two requirements before he or she may appeal from the denial of a motion for summary judgment in a defamation action. First, the person's communication must appear in or be published by the electronic or print media. Second, the motion for summary judgment must be based in whole or in part upon a claim or defense arising under the free speech or free press clause of the First Amendment of the United States Constitution, Article I, Section 8, of the Texas Constitution, or Chapter 73 of the Civil Practice and Remedies Code.[3]

■ In his motion to dismiss, Pope asserts that the Quebes' communication did not appear in and was not published by the media. We agree.

The Quebes contend that their communication appeared in the *Sun* in an article about Galveston County's refusal to release information pursuant to the *Sun's* open records request.[4] Our analysis is, of

3. Chapter 73 defines the required elements of a libel action as well as certain privileged matters and defenses for members of the media. TEX. CIV. PRAC. & REM.CODE ANN. §§ 73.001, .002, .004 (Vernon 2005). It additionally provides that truth is a defense in a libel action. *Id.* § 73.005.

The Quebes suggest that section 51.014 should be read as authorizing an interlocutory appeal whenever a motion for summary judgment is based on Chapter 73, regardless of whether the communication at issue appeared in or was published by the media. This analysis is incorrect. *See Rogers v. Cassidy,* 946 S.W.2d 439, 443 n. 2 (Tex.App.-Corpus Christi 1997, no writ) (stating that "section 51.014[a](6) only permits interlocutory appeals in cases where the communication in question appeared in or was published by the electronic or print media"), *disapproved on other grounds, Huckabee v. Time Warner Entm't Co.,* 19 S.W.3d 413, 423 (Tex.2000); *Grant v. Wood,* 916 S.W.2d 42, 46 (Tex.App.-Houston [1st Dist.] 1995, no writ) (explaining that Chapter 73 is one of three sources of defenses—along with the constitutional provisions—that could trigger interlocutory appeal

in defamation actions). It is clear from the format of section 51.014(a)(6) that the listing of Chapter 73 was intended to be treated the same as the listing of the United States and Texas constitutional provisions and was not intended as an alternative to the other requirements of section 51.014(a)(6). All three—the constitutional provisions and Chapter 73—are listed together at the end of the sentence in question. Further, if the Quebes were correct, any time a person alleged truth as a defense to a libel claim, the denial of that person's motion for summary judgment would arguably be subject to interlocutory appeal. Thus, any libel defendant could always ensure interlocutory appeal simply by alleging truth as a defense. This is not the intent of section 51.014(a)(6). *See generally KTRK Television, Inc. v. Fowkes,* 981 S.W.2d 779, 784–85 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (discussing intent of section); *Grant,* 916 S.W.2d at 46 (same).

4. The Quebes contend that we should not be constrained to considering only allegations made in Pope's pleadings when considering whether their communications appeared in

course, hampered by the fact that the article in question does not actually appear in the record. Mrs. Quebe averred that the article mentioned that a law enforcement officer had been accused of sexual abuse of a child. She further stated, however, that the article did not identify the officer as Pope or anyone else. Mrs. Quebe did not indicate whether the article provided any details of the alleged abuse or whether the article identified the source of the accusations. The Quebes were apparently not named. Pope was not named. The specifics of the allegations were not mentioned. Indeed, the article's focus appears to be the rejection of the open records request and not the abuse allegation. The information provided by the Quebes amounted to no more than unattributed, nonspecific background information for the article. Thus, their communication did not appear in and was not published by the media as those phrases are used in section 51.014(a)(6).[5]

■ Interlocutory appeals are forbidden at common law and exist only at the pleasure of the legislature. *See Ross*, 698

---

[5] What little legislative history exists appears to support this conclusion. *See* Tex. Gov't Code Ann. § 311.023 (Vernon 2005). Subsection (a)(6) was added to section 51.014 during the 73rd Legislature. Act of June 18, 1993, 73rd Leg., R.S., ch. 855, § 1, 1993 Tex. Gen. Laws 3365, 3366. As originally proposed, the amendatory legislation, Senate Bill 76, applied only to members of the media. Senate Comm. on State Affairs, Bill Analysis, Tex. S.B. 76, 73rd Leg., R.S. (1993). Senator Jim Turner, the bill's sponsor, offered an amendment that extended application to persons other than members of the media. In a note accompanying the amendment, Turner explained: "For example, it would cover per-

---

S.W.2d at 365. It is not our proper role to liberally construe facts so as to expand our interlocutory jurisdiction: in instances not specifically addressed by statute, we have no authority to create it. Accordingly, we find that we are without jurisdiction to consider this interlocutory appeal.

We dismiss the appeal.

---

the media. We agree because, otherwise, a crafty defamation plaintiff could simply avoid application of section 51.014(a)(6) by careful pleading. Thus, we will consider the contents of the *Sun* article even though Pope did not raise the article as defamatory in his pleadings.

sons who have letters or op-ed pieces published in newspapers or magazines or who express their opinions on radio or television programs." Floor Amendment No. 2 to Tex. S.B. 76, 73rd Leg., R.S. (February 25, 1993). The bill was passed as amended. S.J. of Tex., 73rd Leg., R.S. 312 (1993). Although certainly not conclusive regarding legislative intent, it appears from Turner's comment that he would not view unattributed, nonspecific background information as worthy of the protections afforded by section 51.014(a)(6).

The Quebes additionally point to statements made by Pope's counsel on the record, to the effect that he had complaints about the substance of the article. But Pope's counsel explained that the underlying nature of his complaints regarding the *Sun* article were that the Quebes had not provided the *Sun* with a complete summary of events, not that anything in the article itself was defamatory.