ACCEPTED
01-15-00320-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/30/2015 8:57:01 AM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00320-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/30/2015 8:57:01 AM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE FIRST JUDICIAL DISTRICT HOUSTON, TEXAS

REVENEW INTERNATIONAL, LLC, Appellant,

vs.

PSC INDUSTRIAL OUTSOURCING, LP, Appellee.

On Appeal from the 281st Judicial District Court
Harris County, Texas
Trial Court Case No. 2013-59946

## APPELLEE'S REPLY IN SUPPORT OF APPELLEE'S MOTION TO DISMISS FOR LACK OF APPELLATE JURISDICTION

Todd W. Mensing
Adam Milasincic
Edward Goolsby
**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**
1221 McKinney, Suite 3460
Houston, Texas  77010
Phone: (713) 655-1101
Fax: (713) 655-0062
*tmensing@azalaw.com*
*amilasincic@azalaw.com*
*egoolsby@azalaw.com*

**COUNSEL FOR APPELLEE**

# TABLE OF CONTENTS

I.      Introduction...........................................................................................................1

II.     Arguments and Authorities......................................................................................1

        A.      Section 51.014(a)(6) requires communications to "appear[] in or [be]
                published by the electronic or print media," not merely appear in
                media. ............................................................................................................2

        B.      Revenew has provided no evidence that its communications
                "appear[ed] in or [were] published by the electronic or print media." .5

        C.      Revenew's interpretation of the statute is unsupportable in light of this
                Court's prior cases, and sanctions are appropriate under Texas Rule of
                Appellate Procedure 45. ...............................................................................7

III.    Prayer ...................................................................................................................9

Certificate of Compliance ...............................................................................................11

Certificate of Service .......................................................................................................11

Appendix of Exhibits .......................................................................................................12

# TABLE OF AUTHORITIES

## Cases

*Astoria Indus. of Iowa v. SNF, Inc.*, 223 S.W.3d 616 (Tex. App.—Fort Worth 2007, no pet.)..................................................................................................................5

*Bradt v. West*, 892 S.W.2d 56 (Tex. App.—Houston [1st Dist.] 1994, writ denied) .8, 9

*Casteel-Diebolt v. Diebolt*, 912 S.W.2d 302 (Tex. App.—Houston [14th Dist.] 1995) .................................................................................................................5, 9

*Elm Creek Villas Homeowner Ass'n Inc. v. Beldon Roofing & Remodeling Co.*, 940 S.W.2d 150 (Tex. App.—San Antonio 1996, no writ) ...............................................9

*Main v. Royall,* 348 S.W.3d 381 (Tex. App.—Dallas 2011, no pet.) .....................4, 5

*Quebe v. Pope*, 201 S.W.3d 166 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ...................................................................................................................5, 7

*Serv. Emps. Int'l Union Local 5 v. Prof'l Janitorial Serv. of Houston, Inc.,* 415 S.W.3d 387 (Tex. App.—Houston [1st Dist.] 2013, pet. denied)................ 1, 2, 5, 7, 8

*State v. Shumake*, 199 S.W.3d 279 (Tex. 2006)........................................................3

*Texas Dept. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637 (Tex. 2004)..........8

*TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432 (Tex. 2011)..................4, 8

## Statutes

TEX. CIV. PRAC. & REM. CODE § 51.014(a)(6).................................................... 1, 2, 4

# I. INTRODUCTION

The jurisdictional question before the Court is not "novel," "interesting," or an "issue of first impression." (*Contra* Response at 6.) Although Revenew uses 22 pages in an attempt to create the appearance of "novelty," the truth is far more mundane: The Court could ignore both parties' briefs, reread its own opinion in *Service Employees International Union Local 5 v. Professional Janitorial Services of Houston, Inc.*, and issue a one-sentence order dismissing Revenew's appeal. 415 S.W.3d 387 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). The controlling law is that clear. *Id.*

# II. ARGUMENTS AND AUTHORITIES

Section 51.014(a)(6) allows interlocutory appeals only by "members of the electronic or print media" and "person[s] whose communication appears in or is published by the electronic or print media." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(6). Revenew—a contract-compliance audit firm—concedes that it is not "a member of the 'media'" and does not satisfy the first prong. (Response at 14). Instead, Revenew claims that the second prong applies because PSC has not proven that Revenew's statements *did not* appear in "the electronic or print media."

Revenew advances so expansive an interpretation of the second prong that every libel or business disparagement defendant could pursue an interlocutory appeal if their statements were captured in an email, in a text message, on a napkin, or in any

other composition of cells that could be characterized as a "medium" (the singular of "media"). (Response at 10–11, 19). Revenew ignores that the statute twice refers to "the . . . media" and argues that "the . . . media" has different meanings as used within the same sentence. Somehow, this "novel" interpretation is supposed to yield the result that appearing or being published in "the . . . media" is just another way of saying "any recorded statement." Plain text, common sense, and *SEIU Local 5* foreclose that reading and make Revenew's appeal frivolous.

**A.** **Section 51.014(a)(6) requires communications to "appear[] in or [be] published by the electronic or print media," not merely appear in media.**

None of Revenew's disparaging comments "appear[ed] in or [were] published by the electronic or print media." Revenew asserts that this prong allows an interlocutory appeal by all defendants whose libelous or disparaging comments "appeared in electronic or print form," (Response at 19.) In other words, Revenew conflates the phrase "appears in or is published by the electronic or print media" with the single word "media." (*Id*.)

Had the Texas Legislature intended the definition advanced by Revenew, the statute would have looked like this:

> …denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in ~~or is published by the electronic or print~~ media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73.

Or even this:

> denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by ~~a member of the electronic or print media, acting in such capacity, or~~ a person whose communication appears in ~~or is published by the electronic or print media~~ [any expression or communication of information], arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73.

If it were true that an appeal is available whenever a communication "appeared in electronic or print form," then all of the stricken text is unnecessary. Only by ignoring the statute's two references to "the . . . media" can Revenew cobble together any justification for its rewriting of the statute. By disregarding the word "the" and focusing only on "media," Revenew flouts the maxim that every word in a statute must be given meaning. *See State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006) ("In construing a statute, we give effect to all its words and, if possible, do not treat any word as mere surplusage.").

Revenew also ignores that both prongs of the statute must be read in harmony rather than attributing one meaning to "the electronic or print media" the first time it appears but attributing a different meaning to "the electronic or print media" when the phrase reappears 15 words later in the same sentence. To accept Revenew's interpretation, the first reference to "the electronic or print media" would mean the "news media," and the second reference would mean any "recorded form." That reading

3

of the text is tortured, to say the least. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("[I]f a different or more precise definition is apparent from the term's use in the context of the statute, we apply that meaning.").

Furthermore, the cases cited by Revenew provide no support for such an expansive interpretation. First, *Main v. Royall* not only fails to support Revenew's interpretation, it supports PSC's. 348 S.W.3d 381, 386 (Tex. App.—Dallas 2011, no pet.) Revenew mischaracterizes *Main* to a degree so troubling that it provides a further basis for classifying Revenew's appeal as frivolous.

Revenew says that legislative history quoted in *Main* supports Revenew. In fact, the quoted history only confirms PSC's argument that the second prong of section 51.014(a)(6) was intended to cover "persons who have letters or op-ed pieces published in newspapers or magazines or express their opinions on radio or television programs." *Id.* at 386 (quoting Floor Amendment No. 2 to Tex. S.B. 76, 73rd Leg., R.S. (February 25, 1993)). Revenew next claims that the *Main* court "rejected the restrictive interpretation of 'members of electronic and print media.'" (Response at 17–18). In truth, the *Main* court said the opposite, finding appellate jurisdiction only because the libelous statements were published in a book about political policy and "authors and publishers of traditional books [are] 'member[s] of the electronic or print media.'" *Id*. at 387. The *Main* court specified that it was *not* endorsing the argument,

4

which Revenew raises here, that "anyone with a computer, typewriter or printer will . . . have the right to file an interlocutory appeal." *Id.*

Similarly, *Astoria Industries of Iowa v. SNF, Inc.* provides no analysis of the phrase "the electronic or print media." Instead, the entire case revolves around the unrelated issue of whether a free speech defense was available. *See Astoria Indus. of Iowa v. SNF, Inc.*, 223 S.W.3d 616, 623 (Tex. App.—Fort Worth 2007, no pet.). In effect, the *Astoria* court acknowledges it would not be addressing the media defendant issue. *See id.* Nor was there much reason to. The challenged communications were published in "an industry trade journal," a form of media that easily fits within the definition explained by this Court in *SEIU Local 5*. *See id.* at 622.

**B.      Revenew has provided no evidence that its communications "appear[ed] in or [were] published by the electronic or print media."**

Revenew claims that there is no proof that its statements "appeared only in private communications among the parties." But Revenew gets the law backwards. To establish appellate jurisdiction, it is Revenew's burden to prove that its communications *did* appear in "the electronic or print media," not PSC's burden to prove that Revenew's statements *did not* appear in the media. *See Casteel-Diebolt v. Diebolt*, 912 S.W.2d 302, 305 (Tex. App.—Houston [14th Dist.] 1995) ("[T]he burden is on the appellant to demonstrate the record supports her contentions and to make accurate references to the record to support her complaints on appeal."); *Quebe v. Pope*, 201 S.W.3d 166, 169 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)

5

("[A] person who is not a member of the media must meet two requirements before he or she may appeal from the denial of a motion for summary judgment…").

Oblivious to its burden, Revenew fails to mention, cite, or provide any evidence that its disparaging statements appeared in any form of communication outside of private letters, emails and conversations. (Response at 5). Instead, Revenew backs its assertions with a cryptic allusion to testimony from PSC's employees denying that the communications were limited in this way. (Response at 5-6). As Revenew admits, these passages are not in the record. (Response at 6 n.1). In addition, Revenew never quotes these depositions or even names the particular witnesses who supposedly gave such testimony. (Response at 5-6). Only two passages appear even conceivably on point. For example, PSC's Brian Clark said that he did not know if Revenew published anywhere else:

> Q.   Do you have any information that would make you think that Revenew has published the results of this audit to anyone other than Exelon?
>
> A.   I don't know. [1]

In the same way, PSC's Jeffrey Stocks said he did not know if Revenew has made the same disparaging comments to other customers as it did to Exelon:

> Q.   Okay. Are you aware of any other company that you think Revenew has made those types of disparaging comments to?

---

[1]   (Exh. A, Deposition of Brian Clark at 23:6-9).

6

A. I'm aware of other companies that have been audited by Revenew and have not been happy about the results. I don't know the specifics of those, so I couldn't say whether they were disparaging or not. [2]

Neither of these passages demonstrates that the results of Revenew's audit appeared or were published in "the electronic or print media." No witness indicates that he has seen the results of Revenew's audit appear in a newspaper, magazine, or television broadcast. No witness was even asked if Revenew's statements appeared in the media. And lest any confusion remain, PSC again reasserts on the record that none of Revenew's disparaging comments appeared in or were published by the media. Instead, all comments at issue were made only in private emails or in verbal comments between Revenew and PSC's customers. (Motion to Dismiss at 5-6). As such, Revenew failed to produce evidence that the Court has jurisdiction over this appeal. *See, e.g.*, *Quebe*, 201 S.W.3d at 169-70 ("Our analysis is, of course, hampered by the fact that the article in question does not actually appear in the record.").

**C. Revenew's interpretation of the statute is unsupportable in light of this Court's prior cases, and sanctions are appropriate under Texas Rule of Appellate Procedure 45.**

Revenew's appeal is frivolous because it is based on arguments that have already been dismissed by this Court. Revenew asserts that this Court erred in *SEIU Local 5* when it "imported [the definition of "media" in the first prong] to the second

---

[2] (Exh. B, Deposition of Jeffrey Stocks at 127:20-128:1).

7

prong—the one at issue here—without separate analysis." (Response at 16). This assertion is absurd for two reasons.

First, Revenew assumes that using the same definition for a phrase each time it appears within the same sentence is somehow improper. To the contrary, well-established Texas law requires consistent interpretation of phrases. *See Texas Dept. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004) ("[W]e must interpret [the statute] according to its terms, giving meaning to the language consistent with other provisions in the statute."); *see also TGS-NOPEC*, 340 S.W.3d at 439 ("We further consider statutes as a whole rather than their isolated provisions.").

Second, this Court did supply reasoned analysis about the meaning of "the electronic or print media." 415 S.W.3d at 393–403. Revenew just does not like the Court's analysis because it confirms that there is no jurisdiction over this appeal. Revenew's disregard for this Court's opinion is neither "interesting" nor a good-faith argument for extending the law. Instead, Revenew merely consults the same dictionaries that the Court already considered and asserts that the Court misread the definitions of "media." *Compare id.* at 393–94 *with* Response at 11–12. If Revenew's argument is "novel," it is only for its brazenness. Revenew's cursory treatment of *SEIU Local 5* warrants sanctions. *See Bradt v. West*, 892 S.W.2d 56, 79 (Tex. App.—Houston [1st Dist.] 1994, writ denied) ("Showing conscious indifference to settled

8

rules of law—i.e., turning a 'blind eye' to established law—is one factor to consider in deciding whether to award rule [45] damages.").

Sanctions are also in order because Revenew has failed to cite to evidence in the record to indicate what publication triggers the statute. *See Casteel-Diebolt*, 912 S.W.2d at 306 (awarding sanctions when appellant "failed to…make *any* accurate references to the record to support her arguments" (emphasis in original)); *see also Elm Creek Villas Homeowner Ass'n Inc. v. Beldon Roofing & Remodeling Co.*, 940 S.W.2d 150, 156 (Tex. App.—San Antonio 1996, no writ) ("[T]he mere fact that an interlocutory appeal is theoretically possible does not mean that one should be filed, nor does it immunize frivolous appeals like the present one from sanctions…"). Moreover, Revenew attempts to hang its hat on deposition testimony that was not a part of the clerk's record, which it readily admits. (Response at 6 n.1). Consequently, the Court should award PSC its appellate attorneys' fees and costs to send a message that such appeals are an unacceptable waste of the parties'—and the Court's—resources. *Bradt*, 892 S.W.2d at 79.

## III.   PRAYER

For the reasons above, PSC asks the Court to dismiss this appeal costs, to award PSC its attorneys' fees and costs for responding to this frivolous appeal, and to grant PSC any other relief to which it may be justly entitled.

9

Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**

By: */s/ Todd W. Mensing*
Todd W. Mensing
Texas Bar No. 24013156
tmensing@azalaw.com
Adam Milasincic
Texas Bar No. 24079001
amilasincic@azalaw.com
Edward Goolsby
Texas Bar No. 24092436
egoolsby@azalaw.com
1221 McKinney, Suite 3460
Houston, Texas 77010
(713) 655-1101 – Phone
(713) 655-0062 – Fax

**ATTORNEYS FOR APPELLEE,
PSC INDUSTRIAL OUTSOURCING, LP**

10

## CERTIFICATE OF COMPLIANCE

I certify that this Reply complies with the typeface and word-count requirements set forth in the Rules of Appellate Procedure. This Reply has been prepared, using Microsoft Word, in 14-point Times New Roman font for the text and 12-point Times New Roman font for any footnotes. This Reply contains 2,258 words, as determined by the word count feature of the word processing program used to prepare this document, excluding those portions of the notice exempted by TEX. R. APP. P. 9.4(i)(1).

*/s/ Todd W. Mensing*
Todd W. Mensing


## CERTIFICATE OF SERVICE

I certify that on April 30, 2015, a true and correct copy of the above and foregoing document was served upon the following counsel by electronic service through the state-provided EFSP Efile.txcourts.gov:

Lauren J. Harrison
Lara D. Pringle
JONES WALKER LLP
1001 Fannin Street, Suite 2450
Houston, TX 77002

*/s/ Todd W. Mensing*
Todd W. Mensing

**APPENDIX OF EXHIBITS**

Exhibit A   -       Excerpts from Deposition of Brian Clark

Exhibit B   -       Excerpts from Deposition of Jeffrey Stocks

JOB NO. 194463

CAUSE NO. 2013-59946

| | |
|---|---|
| PSC INDUSTRIAL OUTSOURCING, LP, | ) IN THE DISTRICT COURT |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) HARRIS COUNTY, TEXAS |
| | ) |
| REVENEW INTERNATIONAL, LLC, | ) |
| | ) |
| Defendant. | ) 281ST JUDICIAL DISTRICT |

-------------------------------------

ORAL DEPOSITION OF

BRIAN CLARK

September 10, 2014

-------------------------------------

ORAL DEPOSITION OF BRIAN CLARK, produced as a witness at the instance of the defendant, and duly sworn, was taken in the above-styled and numbered cause on September 10, 2014, from 10:09 a.m. to 11:15 a.m., before Suzann M. Sanchez, CSR, RMR, in and for the State of Texas, reported by machine shorthand, at the offices of Ahmad Zavitsanos Anaipakos Alavi Mensing, 1221 McKinney, Suite 3460, Houston, Texas 77010, pursuant to notice and the Texas Rules of Civil Procedure.

EXHIBIT
A

A.   I'm not aware, no.

Q.   Do you know whether there is any other company that has declined to do business with PSC as a result of this audit?

A.   I'm not aware.

Q.   Do you have any information that would make you think that Revenew has published the results of this audit to anyone other than Exelon?

A.   I don't know.

Q.   Are you aware of anyone at Revenew saying bad things about PSC?

MR. MENSING:  Objection, form.

A.   Again, I don't know.

Q.   (BY MS. HARRISON)  You don't have any such information?

A.   No, I don't.

Q.   Have you worked with Dave George at Revenew? Have you ever interacted with him at all?

A.   No, not that I'm aware of.

Q.   How about Juliana Routzong?

A.   Yes.

Q.   Okay.  You've worked with her?

A.   Just exchanged e-mails.  She was, I believe, primary point of contact for the initial communication --

JOB NO. 194463
                      CAUSE NO. 2013-59946

PSC INDUSTRIAL                  ) IN THE DISTRICT COURT
OUTSOURCING, LP,                )
                                )
            Plaintiff,           )
                                )
V.                              ) HARRIS COUNTY, TEXAS
                                )
REVENEW INTERNATIONAL,          )
LLC,                            )
                                )
            Defendant.          ) 281ST JUDICIAL DISTRICT

                  REPORTER'S CERTIFICATION
                  DEPOSITION OF BRIAN CLARK
                    SEPTEMBER 10, 2014

     I, Suzann M. Sanchez, CSR, RMR, Certified

Shorthand Reporter in and for the State of Texas,

hereby certify to the following:

     That the witness, BRIAN CLARK, was duly sworn by

the officer and that the transcript of the oral

deposition is a true record of the testimony given by

the witness;

     That the deposition transcript was submitted on

9-12-14      to the witness or to the attorney for

the witness for examination, signature and return to

me by 10-7-14     ;

     That the amount of time used by each party at the

deposition is as follows:

     Todd Mensing, Esq. - 0 HOUR(S) 0 MINUTE(S)
     Lauren J. Harrison, Esq. - 1 HOUR(S) 3 MINUTE(S)



That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes counsel for all parties of record:

Todd Mensing, Esq., Attorney for PSC INDUSTRIAL OUTSOURCING, LP

Lauren J. Harrison, Esq., Attorney for REVENEW INTERNATIONAL, LLC

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Further certification requirements pursuant to Rule 203 of TRCP will be certified to after they have occurred.

Certified to by me this 12th day of September, 2014.



Suzann M. Sanchez, Texas CSR 697, RMR
Expiration Date: 12/31/2014
Firm Registration No. 03
Esquire Deposition Solutions, LLC
1001 McKinney, Suite 805
Houston, Texas 77002
(713) 524-4600

FURTHER CERTIFICATION UNDER RULE 203 TRCP

The original deposition was/was not returned to

the deposition officer on __10-6-14__ ;

If returned, the attached Changes and Signature page contains any changes and the reasons therefor;

If returned, the original deposition was delivered to __Lauren Harrison__, Custodial Attorney;

That $ __288.00__ is the deposition officer's charges to the defendant for preparing the original deposition transcript and any copies of exhibits;

That the deposition was delivered in accordance with Rule 203.3, and that a copy of this certificate was served on all parties shown herein on and filed with the Clerk.

Certified to by me this __8th__ day of __October__, 2014.

_____
Suzann M. Sanchez, Texas CSR 697, RMR
Expiration Date: 12/31/2014
Firm Registration No. 03
Esquire Deposition Solutions, LLC
1001 McKinney, Suite 805
Houston, Texas 77002
(713) 524-4600



JOB NO. 194461

CAUSE NO. 2013-59946

| | |
|---|---|
| PSC INDUSTRIAL OUTSOURCING, LP, | ) IN THE DISTRICT COURT |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) HARRIS COUNTY, TEXAS |
| | ) |
| REVENEW INTERNATIONAL, LLC, | ) |
| | ) |
| Defendant. | ) 281ST JUDICIAL DISTRICT |

------------------------------------

ORAL DEPOSITION OF

JEFFREY STOCKS

September 17, 2014

------------------------------------

ORAL DEPOSITION OF JEFFREY STOCKS, produced as a witness at the instance of the defendant, and duly sworn, was taken in the above-styled and numbered cause on September 17, 2014, from 10:41 a.m. to 2:28 p.m., before Suzann M. Sanchez, CSR, RMR, in and for the State of Texas, reported by machine shorthand, at the offices of Ahmad Zavitsanos Anaipakos Alavi Mensing, 1221 McKinney, Suite 3460, Houston, Texas 77010, pursuant to notice and the Texas Rules of Civil Procedure.

EXHIBIT
B

interpretation or a flawed method.

MR. MILASINCIC: Objection, form.

A. Yes.

Q. (BY MS. HARRISON) Are you aware of any other type of disparagement that Revenew ever engaged in with Valero about PSC?

A. I am not.

Q. Are you aware of any other type of disparagement that Revenew engaged in with Exelon with respect to PSC?

A. I am not.

Q. Okay. The only disparaging comments that you think Revenew made to Exelon about PSC are the communication of audit findings based on dubious contractual interpretations and flawed methodologies. Is that accurate?

MR. MILASINCIC: Objection, form.

A. No. What's accurate is that's the only ones I know of.

Q. (BY MS. HARRISON) Okay. Are you aware of any other company that you think Revenew has made those types of disparaging comments to?

A. I'm aware of other companies that have been audited by Revenew and have not been happy about the results. I don't know the specifics of those, so I

couldn't say whether they were disparaging or not.

Q.   You mean other suppliers that Revenew audited?

A.   Yes.

Q.   Okay.  Can you tell me who some of those are?

A.   The two that I know of are Hydrochem, H-Y-D-R-O-C-H-E-M, and Brock, B-R-O-C-K, Services.

Q.   How do you know that Hydrochem was not content with Revenew's audit?

A.   Because we know people at Hydrochem.  We've talked about Revenew before.

Q.   Okay.  Who at Hydrochem have you talked with specifically?

A.   Oh, gosh.  I mean, we were talking to their chairman, Donovan Watkins, about it.

Q.   And you personally did?

A.   I was in the room when it was talked about. I don't know who actually was the counterparties to the conversation, but I was in the room there.

Q.   But you heard them saying what?  Do you remember the substance of what was said?

A.   The substance of what was said is the same kind of claim we have is that they take untenable positions, and they damaged our relationship with our customers, and they cost us to have to pay a lot of

JOB NO. 194461
                     CAUSE NO. 2013-59946

PSC INDUSTRIAL                ) IN THE DISTRICT COURT
OUTSOURCING, LP,              )
                             )
            Plaintiff,       )
                             )
V.                            ) HARRIS COUNTY, TEXAS
                             )
REVENEW INTERNATIONAL,       )
LLC,                         )
                             )
            Defendant.       ) 281ST JUDICIAL DISTRICT

                REPORTER'S CERTIFICATION
              DEPOSITION OF JEFFREY STOCKS
                   SEPTEMBER 17, 2014

     I, Suzann M. Sanchez, CSR, RMR, Certified

Shorthand Reporter in and for the State of Texas,

hereby certify to the following:

     That the witness, JEFFREY STOCKS, was duly sworn

by the officer and that the transcript of the oral

deposition is a true record of the testimony given by

the witness;

     That the deposition transcript was submitted on

9-23-14        to the witness or to the attorney for

the witness for examination, signature and return to

me by   10-18-14    ;

     That the amount of time used by each party at the

deposition is as follows:

     Adam Milasincic, Esq. - 0 HOUR(S) 0 MINUTE(S)
     Lauren J. Harrison, Esq. - 2 HOUR(S) 41 MINUTE(S)



That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes counsel for all parties of record:

Adam Milasincic, Esq., Attorney for PSC INDUSTRIAL OUTSOURCING, LP

Lauren J. Harrison, Esq., Attorney for REVENEW INTERNATIONAL, LLC

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Further certification requirements pursuant to Rule 203 of TRCP will be certified to after they have occurred.

Certified to by me this 21st day of September, 2014.

Suzann M. Sanchez, Texas CSR 697, RMR
Expiration Date:  12/31/2014
Firm Registration No. 03
Esquire Deposition Solutions, LLC
1001 McKinney, Suite 805
Houston, Texas 77002
(713) 524-4600

FURTHER CERTIFICATION UNDER RULE 203 TRCP

The original deposition was/was not returned to

the deposition officer on _10-18-14_;

If returned, the attached Changes and Signature page contains any changes and the reasons therefor;

If returned, the original deposition was delivered to _Lauren Harrison_, Custodial Attorney;

That $_754.30_ is the deposition officer's charges to the defendant for preparing the original deposition transcript and any copies of exhibits;

That the deposition was delivered in accordance with Rule 203.3, and that a copy of this certificate was served on all parties shown herein on and filed with the Clerk.

Certified to by me this _27th_ day of _October_, 2014.

_____
Suzann M. Sanchez, Texas CSR 697, RMR
Expiration Date:  12/31/2014
Firm Registration No. 03
Esquire Deposition Solutions, LLC
1001 McKinney, Suite 805
Houston, Texas 77002
(713) 524-4600

